**Fidel A. PARRA, Plaintiff-Appellee,**

v.

**The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY,
Defendant-Appellant.**

No. 84–2809.

United States Court of Appeals,
Tenth Circuit.

March 21, 1986.

Nicholas R. Gentry of Johnson and Lanphere, P.C., Albuquerque, N.M., for defendant-appellant.

O.R. Adams, Jr., Albuquerque, N.M., for plaintiff-appellee.

Before MOORE and SETH, Circuit Judges, and BROWN, District Judge *.

SETH, Circuit Judge.

This is an appeal from a judgment for plaintiff in a personal injury suit brought under the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. § 51 et seq. The jury returned a verdict for the plaintiff in the amount of $233,764 plus medical costs finding the defendant to have been negligent and plaintiff free of any negligence. The defendant appeals asserting that the court erred in its instructions to the jury pertaining to contributory negligence and that there was no evidence of lost earning capacity.

Plaintiff-appellee, Fidel Parra, had been employed by defendant-appellant, Atchison, Topeka and Santa Fe Railway Company (AT & SF), as a trackman from 1977 until his injury on November 4, 1982. The position of a trackman entailed heavy physical labor in connection with the maintenance of the tracks. Mr. Parra could not read or write English and spoke Spanish while on the job. He had a third grade education in Mexico. The crew on which Mr. Parra worked was replacing railroad ties in the yards at Albuquerque, New Mexico on the day of the accident. Although the AT & SF had a machine to perform the task, on that day Mr. Parra and another man were assigned to drag the replaced ties out of the way. These ties were approximately 16 feet long and weighed about 300 pounds. While performing this task, Mr. Parra slipped and injured his back. He was treated by Dr. O.C. Mitchell who also testified at trial.

The substance of Dr. Mitchell's testimony was that Mr. Parra injured an unstable part of his back in that a disc had slipped at the fifth lumbar vertebrae and had a break in it. The doctor performed a fusion of the vertebrae. He testified that Mr. Parra would not be able to return to his job as a trackman. Dr. Mitchell also testified that although the injury was caused by heavy lifting, Mr. Parra had a congenital back disorder known as Grade I spondylolisthesis which is the previously mentioned unstable back. It was also his testimony that although the injury of November 4, 1982 aggravated the condition and necessitated the treatment, the preexisting back condition made the injury more likely and Mr. Parra would have been disqualified from heavy labor had the pre-injury condition been known. There was no evidence at trial that either Mr. Parra or the railroad knew of his congenital back condition or should have known.

The appellant introduced evidence that Mr. Parra was provided with a Spanish language copy of the company Safety Rule Book which contained among other rules the following, Rule 191:

"Do not lift more than can be safely handled. When necessary, ask for help to lift heavy loads and avoid jerking or lifting from awkward positions. When lifting, have secure footing, bend knees and keep back straight, take firm hold of object and slowly straighten legs."

The case was submitted to the jury on the question of appellant's negligence in failing to instruct Mr. Parra on the safe way in which to handle the task and failing to authorize the proper number of workers or the proper and available equipment to move the railroad ties. Appellant alleged contributory negligence and sought an instruction highlighting Mr. Parra's asserted violation of Rule 191. Appellant also objected to the trial court's instruction on loss of future earnings.

Appellant asserts that the trial court erred in refusing to instruct the jury on the significance of appellant's failure to comply with company Safety Rule 191. Appellant's requested jury instruction read as follows:

"If you find that plaintiff violated an applicable safety rule of defendant and that this violation contributed in whole or in part to the accident, you may consider

* Honorable Wesley E. Brown, United States District Judge for the District of Kansas, sitting by

designation.

this violation as evidence of negligence on the part of the plaintiff and diminish any damages awarded him in the manner explained to you elsewhere in these instructions."

Although the court did give an instruction concerning the effect of any negligence on the part of Mr. Parra, the trial court declined to give this or any other instruction dealing specifically with the alleged violation of Safety Rule 191 and we agree with the trial court's judgment on this matter. The safety rule at issue is very different from the more specific and objective safety rules for which a violation would support an instruction or warrant a finding of negligence per se similar to those found in the cases quoted by appellant. *Northern Pacific Railway v. Mely*, 219 F.2d 199 (9th Cir.); *Atchison, Topeka & Santa Fe Railway Co. v. Ballard*, 108 F.2d 768 (5th Cir.).

■ The critical inquiry in such cases is whether the rule itself is of a specific nature allowing plaintiff's actions to be evaluated objectively. In this instance, Rule 191 tells Mr. Parra that he should not lift more than can be lifted "safely." This is a good admonition but is nothing more than that and it provides no standard which a jury could apply. The evidence only affords defendant an instruction on the law of plaintiff's negligence as was given in this instance. The trial court properly denied the requested instruction.

The appellant contends that the trial court committed reversible error by instructing the jury on the plaintiff's loss of future earnings since there was uncontroverted evidence that plaintiff's earning capacity was not diminished as a result of his injury and there was no expert testimony.

At trial, there was substantial evidence presented that Mr. Parra had performed heavy labor throughout his life and that he had worked for the AT & SF as a trackman for five and one-half years prior to his accident. There was also testimony that Mr. Parra is currently unable to return to his previous job because his work and physical activity is severely limited and he cannot perform any heavy lifting. All of the foregoing is certainly admissible, however, Mr. Parra's back condition and the injury were complicated and not susceptible to observation by the jury. The injuries and their impact on earnings capacity can only be established by expert medical testimony. *Franklin v. Shelton*, 250 F.2d 92, 97 (10th Cir.). Where the injury is obscure, as here, a loss of future earnings capacity must be established by expert medical testimony in order to avoid pure speculation on the part of the jury. *Curtis v. General Motors Corp.*, 649 F.2d 808, 813 (10th Cir.); *Rheaume v. Patterson*, 289 F.2d 611, 613 (2d Cir.).

■ An examination of the plaintiff's own expert medical testimony here would refute his claim for loss of future earnings. The only expert medical testimony presented by plaintiff was that of his own physician, Dr. O.C. Mitchell. The essence of Dr. Mitchell's testimony was that Mr. Parra suffered from a congenital back disorder which made him more susceptible to lower back injury. Dr. Mitchell's testimony also was that Mr. Parra's unstable back would have disqualified him from work as a heavy laborer had it been detected. As we earlier stated, expert medical testimony is necessary to establish that a loss of future earnings capacity was *caused* by such a non-obvious injury; plaintiff's expert testimony refutes the causal connection between his injury and his diminished capacity for heavy labor. In light of Dr. Mitchell's further opinion that Mr. Parra's back was more stable after surgery than prior to his accident, it seems improper for plaintiff to be compensated for future wages from heavy labor for which his preexisting congenital back disorder had already disqualified him.

For these reasons we must conclude that the trial court erred in instructing the jury on the value of future earnings from heavy labor as an element of plaintiff's damages. Consequently, the case is remanded for a determination of damages not to include future earnings.

We have also considered appellant's contention that the trial court failed to instruct

the jury on a single standard of causation for both defendant's negligence and plaintiff's contributory negligence and find it without substance. The trial court's definition of causation for the jury was the same for both plaintiff's and defendant's negligence and was correctly stated. It should be noted that the jury's determination of appellant's liability is undisturbed.

Because the parties have fully litigated the issue of liability and the only trial error committed was the inclusion of future earnings lost in the plaintiff's recovery, we remand this case for a new trial on damages only and except for the element of future earnings.

IT IS SO ORDERED.