Bishop Dorothy L. RHODES, Rev. Elsa
D. Hill, and St. Laura's Mission, Inc.,
Plaintiffs/Appellants,

v.

Rev. George W. MARSH and Grace
Community Church, Inc.,
Defendants/Respondents.

No. 57212.

Missouri Court of Appeals,
Eastern District,
Division One.

April 23, 1991.

Nadine V. Nunn, St. Louis, for plaintiffs/appellants.

David A. Horwitz, Clayton, for defendants/respondents.

KAROHL, Judge.

After a verdict for plaintiffs, Bishop Dorothy L. Rhodes and Rev. Elsa D. Hill, on their claims for breach of contract and defendant Grace Community Church, Inc.'s counterclaim for trespass damages, the trial court granted both defendants judgment notwithstanding the verdict on plaintiffs' claim. The verdict in favor of plaintiffs on the counterclaim was not affected. The court found, as a matter of law, there was no enforceable contract between the parties. In the alternative, the court granted a new trial on Rhodes and Hill's claims because of instructional errors. Plaintiff, St. Laura's Mission, Inc., did not submit its claim to the jury.

Plaintiffs Rhodes and Hill appeal the j.n. o.v. Although they mention the alternative award of a new trial, they do not defend their instructions or dispute the finding of the trial court granting a new trial because of errors in instructions. We address only the claim the court erred in granting judgment for defendants on plaintiffs' claims after verdicts for plaintiffs. We do so without the benefit of participation by defendants in the appeal.

■ We review the grant of a motion for j.n.o.v. granted by the trial court as a matter of law. The usual standard for review of the grant of such motion based upon factual issues has no application to this appeal. *See Goodenough v. Deaconess Hospital,* 637 S.W.2d 123, 125 (Mo.App. 1982). We can affirm only if defendants were entitled to judgment as a matter of law.

■ The single, narrow issue is whether the trial court could consider and grant defendant Rev. George W. Marsh's motion for j.n.o.v. and sua sponte grant defendant Grace Community Church Inc. a j.n.o.v.

where neither defendant filed a motion for directed verdict at the close of plaintiffs' case or at the close of all the evidence. Defendant Marsh testified in his defense; defendant Grace Community offered no evidence.

Rule 72.01(b) provides, "[n]ot later than 15 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for directed verdict." Plaintiffs rely on this language and argue the rule creates an inference a motion for directed verdict is "a precondition to the motion for judgment notwithstanding the verdict." Plaintiffs rely on cases which hold a party cannot complain if a j.n.o.v. is denied where no motion for directed verdict was filed, *Goodenough v. Deaconess Hospital*, 637 S.W.2d at 128, and cases where an insufficient written or oral motion for directed verdict was offered, *McRaven v. F–Stop Photo Labs., Inc.*, 660 S.W.2d 459, 460 (Mo. App.1983), *Brandhorst v. Carondelet Savings and Loan Ass'n*, 625 S.W.2d 696, 698 (Mo.App.1981) and *Christ v. Tice*, 578 S.W.2d 319, 322 (Mo.App.1979). None of these cases hold a motion for directed verdict must be filed as a prerequisite for the court to grant a j.n.o.v.

There is dicta in *State ex rel. Missouri Highway and Transportation Comm'n v. Pully*, 737 S.W.2d 241, 246 (Mo.App.1987) which appears to support plaintiffs' position. In the *Pully* case no motion for j.n.o.v. was filed. Without citation of authority the court said, "The motion [for sanctions and alternatively to set aside the verdict or for new trial] did not request that the trial court enter a judgment notwithstanding the verdict, and if such remedy had been requested the trial court could not have considered it because respondents failed to move for directed verdict at the close of the evidence." The *Pully* case was a condemnation proceeding where the jury returned a verdict for the Pullys for $20,000. The observation that the trial court could not consider a motion for j.n. o.v. [if such motion had been filed] in the absence of a motion for directed verdict

was made while the court considered trial court error in setting aside the verdict and entering a judgment in favor of the Pullys for $40,000 "because the trial court had no authority to do so under the Rules of Civil Procedure."

■ We find an opinion of this court, *Vinson v. Vinson*, 725 S.W.2d 121 (Mo. App.1987) controlling. The *Pully* opinion did not recognize the prior *Vinson* case. We held in *Vinson* the trial court did not err when it granted a j.n.o.v. because "[g]ranting a judgment n.o.v. is the equivalent of directing a verdict at the close of the evidence, *Authur v. Jablonow*, 665 S.W.2d 364, 365 (Mo.App.1984), and nothing in Rule 72.01 prohibits a trial court from entering a directed verdict or a judgment n.o.v. without motion when merited." *Vinson*, 725 S.W.2d at 123. Where, as here, one or more elements of plaintiff's case is not supported by the evidence a j.n.o.v. is proper as a matter of law. *See Stegeman v. First Missouri Bank of Gasconade County*, 722 S.W.2d 349, 352 (Mo. App.1987).

■ The trial court in this case determined plaintiffs failed to prove the existence of a contract, obviously an essential element of their claim for breach of contract. The court found the "purported agreement" to be so indefinite and lacking in essential elements that the court could neither decide what it means nor fix the legal liability of the parties. The court observed it was "unable to determine from the purported agreement what the parties promised to do or what their intent was." A two page typed document styled "A Cooperative Contractural [sic] Agreement" was prepared by plaintiffs Rhodes and Hill and defendant Marsh. The observations of the trial court and the conclusion that the "agreement" is so vague and indefinite as to be unenforceable are correct as a matter of law. We add an observation that it is not clear who were parties to the "agreement." The plaintiffs signed the agreement for St. Laura's Mission, Inc. and Rev. Marsh signed for Grace Community Church, Inc. Even if the agreement was

sufficiently clear to support a claim for breach of contract between the corporations it would not support a claim for individual plaintiffs against Rev. Marsh.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.