Gerald GLOVER, Appellant,

v.

The ATCHISON, TOPEKA, & SANTA FE RAILWAY COMPANY, Respondent.

No. WD 45815.

Missouri Court of Appeals, Western District.

Sept. 8, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 1992.

Application to Transfer Denied Dec. 18, 1992.

Melinda Sanderson, Fairview Heights, Ill., for appellant.

Thomas S. Stewart, Douglas R. Dalgleish, Kansas City, for respondent.

Before LOWENSTEIN, C.J., and BERREY and ULRICH, JJ.

LOWENSTEIN, Chief Judge.

This appeal is taken by the plaintiff, Glover, from the granting of motion for judgment notwithstanding the verdict (j.n.o.v.) in favor of the defendant employer, the railway, in a Federal Employers' Liability Act (FELA) action. 45 U.S.C. § 51 (1986).

The evidence showed Glover, a carmen welder hurt his back while lifting a metal plate along with another Santa Fe employee. A jury returned a $75,000 verdict. In sustaining the j.n.o.v. motion the court noted an absence of negligence as required under the federal act.

The plaintiff and Romero were going to install a "patch," a metal plate, to a boxcar. The patch was to be welded to the car which was up on a tripod. The patch is about 63 inches long and weighs about 94 pounds. Romero was down on one knee with an end of the patch sitting on his knee—Glover came over and raised the other end six to eight inches and then dropped the patch. Romero was getting "ready to go underneath the car" with his end, when, Glover, who "was still on the outside" sustained the back injury in question. Replacing and installing the patches was a regular part of the job. The employer had a work rule, never offered in evidence, which encouraged workers to lift heavy objects "with your legs." The case was submitted on the company not providing "safe conditions and safe methods."

Glover here contends there was sufficient evidence for the negligence submission, despite the trial court's concern the lifting here was performed "the same way over the course of years without incident" and did not establish the element of foreseeability.

This appeal concerns whether a judgment notwithstanding the verdict entered for a defendant was done in error. The contention presented is whether the plaintiff proved a submissible case of negligence in a FELA case. This is the equivalent to a directed verdict at the close of evidence. *Rhodes v. Marsh*, 807 S.W.2d 222, 223 (Mo.App.1991). This court's view of the evidence is that most favorable to the verdict. *Marti v. Economy Fire & Casualty Co.*, 761 S.W.2d 254, 255 (Mo. App.1988). Such a judgment is proper only if reasonable minds could not differ. *Wion v. Carl I. Brown & Company*, 808 S.W.2d 950, 952–53 (Mo.App.1991). Review then is as a matter of law, *Rhodes*, 807 S.W.2d at 222.

As a matter of law the granting of the judgment notwithstanding the verdict was correct. On the issue of negligence there is not the slightest bit of evidence, or inferences from the evidence, *Zibung v. Union Pac. R.R. Co.*, 776 S.W.2d 4, 5 (Mo. banc 1989), to satisfy this necessary element of a FELA action. Despite Glover's arguments to the trial court, and in his brief on appeal about him being in a

crouched or awkward position, this is simply not borne out by the record. Co-employee Romero was crouched, as was the common practice in lifting this type of object. Glover lifted his end of the metal patch while on level ground next to the boxcar. Unfortunately, he injured his back.

██ The following language from *Nance v. Atchison, T. & S.F. Ry. Co.*, 360 Mo. 980, 232 S.W.2d 547, 554 (1950), is instructive:

██ Under the Federal act defendant was not an insurer of its employees' safety. *Proof of injury without proof of negligence is not enough; and proof that such negligence caused the injury is necessary. Ellis v. Union Pac. R.R. Co.*, 329 U.S. 649, 652–3 [67 S.Ct. 598, 600, 91 L.Ed. 572] (1947); *Brady v. Southern Ry. Co.*, 320 U.S. 476, 484 [64 S.Ct. 232, 236, 88 L.Ed. 239] (1943); *Lavender v. Illinois Cent. R.R. Co.*, 358 Mo. 1160, 219 S.W.2d 353 (1949); *Larsen v. Chicago & N.W.R. Co.*, 171 F.2d 841, 844 (7th Cir.1948).

In *Eckenrode v. Pennsylvania R. Co.*, 335 U.S. 329, 330 [69 S.Ct. 91, 92, 93 L.Ed. 41] (1948), verdict for plaintiff was set aside and judgment was entered for defendant. The court said: "There is a single question presented to us: Was there any evidence in the record upon which the jury could have found negligence on the part of the respondent which contributed, in whole or in part, to Eckenrode's death? Upon consideration of the record, the court is of the opinion that there is no evidence, nor any inference which reasonably may be drawn from the evidence, when viewed in a light most favorable to petitioner, which can sustain a recovery for her." (Italics ours.)

In the case at bar, there is a lack of employer negligence, "even in the slightest part" producing the plaintiff's injury, which was required for submissibility under FELA. *Rogers v. Missouri Pac. R.R. Co.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957); *Qualls v. St. Louis Southwestern Ry. Co.*, 799 S.W.2d 84, 86 (Mo. banc 1990). Where there is no such showing, nor any "reasonable foreseeability of harm" present, the matter may be taken from the jury. *Gallick v. Baltimore and Ohio Railroad Co.*, 372 U.S. 108, 118, 83 S.Ct. 659, 666, 9 L.Ed.2d 618 (1963); *Hertzler v. Burlington Northern Railroad Co.*, 720 S.W.2d 762, 766 (Mo.App. 1986).

Under this court's ruling, an extended discussion of the trial court's reliance on there being no evidence of prior like injuries, *Luthy v. Denny's, Inc.*, 782 S.W.2d 661, 667 (Mo.App.1989), or this having been a repetitive act, is rendered useless.

Likewise, Glover's belated attempts to imply his method of lifting violated a safety rule of the employer's will not save the day. This rule, mentioned in the facts, but never making its way into evidence, told employees to use their legs when lifting heavy objects. Even if received in the case, this application of such a company rule would not supply the missing element of employer negligence. *Ybarra v. Burlington Northern, Inc.*, 689 F.2d 147 (8th Cir.1982) is relied upon by Glover. In *Ybarra*, the employee, who had a history of back problems was required to lift numerous fifty pound buckets of oil while squatting and lifting and twisting on the side of the locomotive, all the time holding onto the engine with the other hand. *Id.* at 150. There was evidence in *Ybarra* such a practice was a very poor method but the supervisor allowed it to continue on the mistaken belief rules were not being violated. *Id.* at 151. Under those facts the court found the jury could have believed the employer knowingly failed to enforce its safety rule and that failure constituted negligence which may have caused, even in part, the plaintiff's injury. *Id.* 150–51. Here, however, there was no awkward movement required on Glover's part. There was no evidence the company knowingly allowed or supported ways to lift that put employees at risk of back injury. *Parra v. Atchison, Topeka & Santa Fe Ry. Co.*, 787 F.2d 507 (10th Cir.1986), which concerned injury of a worker who helped drag a 300 pound railroad tie. The question was posed by the railroad as to the

employee violation of a lifting rule to the effect of not lifting "more than can be safely handled," and for the worker to seek help and to "slowly straighten legs." *Id.* at 508. At page 509 the court rejected utilization of the rule to show the employee's negligence by saying the rule's admonition to "safely" lift was nothing more than an admonition. That rationale should apply here—the rule was not of a specific nature, such as improper design of equipment, or requiring a headlamp to be on certain equipment using the tracks. In addition, to allow the employee here to violate unilaterally a rule or admonition and then use that rule violation as the sole basis of finding employer negligence in a FELA case would be unfair.

The judgment is affirmed.