Vernon WHITE, Appellant,

v.

## UNION PACIFIC RAILROAD COMPANY, Respondent.

No. 62204.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 3, 1994.

Application to Transfer Denied
March 22, 1994.

Cervantes & Associates, Leonard P. Cervantes, Rosen & Associates, Melinda Sanderson, Rick Rosen, St. Louis, for appellant.

Armstrong, Teasdale, Schlafly & Davis, Theodore J. Williams, Thomas B. Weaver, St. Louis, for respondent.

AHRENS, Judge.

This is an action for personal injuries pursuant to the Federal Employers' Liability Act (FELA). Plaintiff appeals from the trial court's granting defendant's motion for judgment notwithstanding the verdict and entering judgment in favor of defendant. We affirm.

Plaintiff worked as a carman for Union Pacific Railroad Company (formerly Missouri Pacific Railroad Company). Prior to June 12, 1987, plaintiff had been on furlough for several years. Before being allowed to return to work, plaintiff was required by Union Pacific to undergo a physical examination. After being cleared, plaintiff resumed his duties as a carman. It was during the commission of these duties that plaintiff sustained the injuries which are the subject of his FELA action.

Plaintiff's physical examination was performed by Dr. Harold Donnell. To aid Dr. Donnell in the examination process, plaintiff completed a Medical History form. This form asked the patient: "Have you ever had, or do you now have?" The patient then is to check either the "YES" box or the "NO" box to indicate his history with regard to each particular ailment listed. One question was "Have you consulted or been treated by Physicians, Clinics, Healers, or other Practitioners within the last five years? If yes, give name and address of doctor, hospital, clinic, and details." In response, plaintiff answered yes and in the space provided listed Dr. Gary W. Sides, D.O., and the doctor's address. In addition, plaintiff wrote "vasovagal syncope angina" beneath the doctor's name and address. In response to other conditions listed on the form, plaintiff indicated that he had never had and did not then have "convulsions, spells, fits or epilepsy" or "fainting or dizzy spells." Plaintiff also indicated that he did not have any physical, mental or emotional condition which might in any way interfere with his safety or the efficient performance of his work. Plaintiff further indicated that he should not be assigned any work restrictions.

Defendant's Medical Director, Dr. Bevilacqua, testified that the physicians who perform the return-to-work physical examinations rely on the accuracy of the responses on the Medical History form. In his deposition, Dr. Donnell testified that he had relied upon plaintiff's Medical History form in reaching his opinions and conclusions. Dr. Donnell further testified that he asked plaintiff about his reference to vasovagal syncope on the form, and plaintiff responded that it was a single episode of fainting. This testimony was uncontradicted. According to Union Pacific Rules of Physical Examination, an employee was not subject to work restrictions due to a single fainting incident. Dr. Donnell concluded that plaintiff met the requirements for returning to his job.

The final decision of returning plaintiff to his job without any work restrictions was made by Dr. Bevilacqua and Dr. Richling,

the assistant medical director. Their decision was based on Dr. Donnell's report and on the information which plaintiff provided to Dr. Donnell. The evidence indicates that except for the reference to vasovagal syncope and plaintiff's explaining it as a single fainting episode, plaintiff did not advise Dr. Donnell or any other Union Pacific employee of his medical condition or his need for work restrictions.

The evidence shows that plaintiff had a history of physical ailments. Plaintiff had been hospitalized on three separate occasions for fainting spells and seizures. In 1979, plaintiff was treated by Dr. Lawyer, who recommended that plaintiff not work while his condition was reviewed. In 1985, plaintiff was hospitalized, for blacking out, under the supervision of Dr. Sides. In 1986, plaintiff was again hospitalized, for fainting and a possible seizure. Dr. Sides diagnosed plaintiff as having a possible seizure disorder, hypoglycemia or vasovagal syncope. Consequently, Dr. Sides advised plaintiff not to return to work or to place himself in situations which would be dangerous as a result of his condition. Dr. Sides never released plaintiff to return to work.

Plaintiff, after his physical examination, was cleared by Union Pacific to return to work. On August 26, 1987, plaintiff was assigned by his supervisor to repair the roof of a covered hopper car. In order to do so, plaintiff used a portable platform ladder. Plaintiff's injuries were sustained when he fell from the ladder. The accident occurred in connection with his work assignment.

The facts surrounding the accident are unclear because there were no eyewitnesses. Plaintiff's accounts of the events are varied. In the accident report he prepared, plaintiff claimed that he lost his balance as he was stepping from the platform to the ladder. He also stated in the report that he did not know whether the working conditions or equipment caused the accident. Two weeks after the accident, plaintiff told his treating physician that as he was stepping from the platform ladder to the railroad car ladder, bolts and washers began to spill from his pockets. When he tried to catch the falling washers, he lost his balance and fell to the ground. At trial, plaintiff testified that as he was climbing up the platform ladder, he began to feel dizzy and cold and blacked out. Plaintiff's co-workers testified that following the fall, plaintiff was having convulsions and beating his head on the floor. Plaintiff was treated for head injuries.

Plaintiff's first point on appeal is the trial court erred in granting defendant's judgment notwithstanding the verdict. We find this point dispositive of the appeal. The trial court found that the evidence did not support a finding of negligence. Plaintiff argues that there was evidence that defendant failed to provide plaintiff with suitable equipment when defendant knew or should have known that plaintiff was prone to blackout spells prior to plaintiff's accident. We disagree.

■■■ A motion for judgment notwithstanding the verdict presents the issue of whether the plaintiff made a submissible case. *Jamrozik v. M.T. Realty and Inv. Corp.*, 843 S.W.2d 394, 395 (Mo.App.1992). Therefore, we review the evidence in the light most favorable to the plaintiff and accord him all reasonable beneficial inferences which can be drawn from it. *Id.* The granting of judgment notwithstanding the verdict is proper only if reasonable minds could not differ. *Glover v. Atchison, Topeka, & Santa Fe Ry.*, 841 S.W.2d 211, 212 (Mo.App.1992).

Plaintiff's petition alleged that defendant was negligent in the following ways:

"(a) failed to provide a reasonably safe place in which to work;

(b) failed to provide plaintiff with proper, safe and adequate equipment with which he could perform his duties;

(c) failed to provide plaintiff with proper scaffolding suitable for access to his designated work area in order to safely perform his duties;

(d) failed to make parts and materials necessary in the performance of his job and personal safety accessible."

Although plaintiff does not specifically allege negligent assignment in his petition, the trial court found, in denying defendant's motion for a directed verdict, that the above allegations sufficiently pled negligent assignment. The trial court framed the issue on trial as:

"[plaintiff's] position is not that the ladder was defective in that it had a loose rung or the railing was not sufficient, or something, but it is whether or not it was the proper type of equipment for a person such as [plaintiff] to be provided if, in fact, the railroad knew about his propensity for fainting."

In order to establish a submissible case under the Federal Employer's Liability Act, the plaintiff must show that the railroad had a duty to provide him with a reasonably safe place to work, that the railroad breached its duty of care, that this lack of due care played some part, however slight, in producing the plaintiff's injury and that the injury was reasonably foreseeable. *Stewart v. Alton and Southern Ry. Co.*, 849 S.W.2d 119, 124 (Mo.App.1993). In a negligent assignment case, the employee must show that defendant knew or should have known that its assignment exposed the employee to an unreasonable risk of harm. *Fletcher v. Union Pac. R. Co.*, 621 F.2d 902, 909 (1980). In the instant case, the only way to establish this foreseeability element was to show that defendant either knew or should have known about plaintiff's medical condition.

Plaintiff argues that defendant knew or should have known about plaintiff's medical history because on the Medical History form, plaintiff indicated he suffered from vasovagal syncope and listed Dr. Gary Sides as his treating physician. It is plaintiff's position that this evidence is sufficient to create a jury question on the issue of negligence. Plaintiff claims that as a matter of federal substantive law, a motion for a directed verdict or judgment notwithstanding the verdict may not be granted in a FELA case if there is any evidence of employer negligence. *Mendoza v. Southern Pacific Trans. Co.*, 733 F.2d 631, 633 (9th Cir.1984).

Even when viewed in the light most favorable to plaintiff, the evidence shows that plaintiff repeatedly misrepresented his medical condition to defendant. On the same return-to-work Medical History form which plaintiff listed vasovagal syncope and Dr. Sides, he specifically denied ever having had "convulsions, spells, fits or epilepsy" or "fainting or dizzy spells". In addition, plaintiff stated that he had no physical condition

which would interfere with the safe and efficient performance of his work and suggested he be assigned no work restrictions. Most significant of all, it was Dr. Donnell's uncontradicted testimony that he specifically questioned plaintiff about the vasovagal syncope listed on the Medical History form. Plaintiff stated that it was a single fainting episode. Plaintiff made these representations despite his true medical history, which included several blackouts, convulsions, hospitalization and a doctor's advice not to return to work where he would be placed in a dangerous position.

If the jury's decision is reasonably supported by the record in a FELA case, it should be allowed to stand. *Tennant v. Peoria & P.U. Ry.*, 321 U.S. 29, 32–35, 64 S.Ct. 409, 411–412, 88 L.Ed. 520 (1944). "Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the inquiry." *Stewart*, 849 S.W.2d at 123 (quoting *Sinkler v. Missouri Pacific Railroad Co.*, 356 U.S. 326, 329, 78 S.Ct. 758, 762, 2 L.Ed.2d 799 (1958)). If there is no showing of employer's negligence, nor any reasonable foreseeability of harm present, the issue may be taken from the jury. *Glover*, 841 S.W.2d at 213.

In the case at bar, we find the jury's decision was not reasonably supported by the record. Plaintiff's only evidence of foreseeability was his indication that he suffered from vasovagal syncope. When asked about this condition, however, plaintiff misrepresented its severity. Given this, and plaintiff's other affirmative misrepresentations about his medical condition, we find that there was no reasonable foreseeability of harm present. In addition, the allegation that defendant failed to provide plaintiff reasonably safe appliances with which to do his job is not supported by the record. There was absolutely no evidence that the ladder from which plaintiff fell was defective. Therefore, the trial court did not err in granting defendant's

motion for judgment notwithstanding the verdict.

The judgment is affirmed.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.