Mary Lu **CRAWFORD**, as Personal Representative of the Estate of Daniel R. Crawford, Jr., Deceased, Plaintiff–Appellant,

v.

**NORFOLK AND WESTERN RAILWAY COMPANY**, a Corporation, Defendants–Respondent.

No. 66106.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1995.

Application to Transfer Denied
July 25, 1995.

Robert William Bosslet Jr., St. Louis, for appellant.

Albert E. Schoenbeck, St. Louis, for respondent.

WHITE, Judge.

This appeal arises from an action under the Federal Employer's Liability Act (FELA). Mary Lu Crawford, plaintiff, brought an action against Norfolk and Western Railway Company, defendant, seeking damages for the death of her husband while in defendant's employ as an Assistant Train Master. The jury returned a verdict in favor of plaintiff and awarded her $850,000 in damages. Defendant requested the trial court enter judgment notwithstanding the verdict (JNOV) or, in the alternative, moved for a new trial. The trial court granted the motion for JNOV and, in the event the JNOV was reversed at the appellate level, granted the motion for new trial. Plaintiff appeals the granting of both motions. We affirm.

Plaintiff's decedent, Daniel R. Crawford, Jr., was employed by defendant as an Assistant Train Master at its Norton, Virginia division. Decedent was the sole railroad official in charge of the Norton yard office for his shift on December 18 and 19, 1987. His shift was from approximately 7:00 p.m. to 7:00 a.m. Sometime during the evening of December 18, the weather turned colder and sleet began to fall. At about 11:00 p.m., decedent left the Norton yard office to check on the work crews. Decedent drove his own vehicle, a pick-up truck, even though a company four-wheel drive vehicle was available for his use. Decedent's vehicle was equipped with a portable two-way radio. At approximately 12:30 a.m. on December 19, decedent called the Norton yard office and spoke to the radio dispatcher on duty. During the conversation, the dispatcher advised decedent to be careful because of inclement weather conditions. Decedent acknowledged this warning and indicated he was "heading back." However, despite the warning, decedent told the dispatcher to direct one of the

work crews to take a taxicab to a different location and continue working. Decedent was found injured in his vehicle at approximately 1:30 a.m. on December 19. Decedent's vehicle, found in a ditch alongside a public highway, appeared to have left the highway and struck a rocky embankment. The vehicle was traveling away from the Norton yard office when the accident occurred. Decedent died approximately eleven weeks later of complications related to the injuries he sustained in the accident.

Plaintiff's case was submitted to a jury on the theory defendant failed to provide reasonably safe working conditions, safe appliances, and safe methods or adequate help. Specifically, plaintiff contends defendant was negligent because it did not have a weather contingency plan in effect or have a weather radio at decedent's work station.

■ In her first point, plaintiff asserts the trial court erred in granting defendant's motion for JNOV. In determining whether plaintiff presented a submissible case, we view the evidence in the light most favorable to the verdict and give it the benefit of all favorable inferences which may be reasonably drawn from the evidence. *Scott v. Car City Motor Co., Inc.,* 847 S.W.2d 861, 864 (Mo.App.W.D.1992). However, a defendant's motion for JNOV is properly granted if the motion identifies one or more elements of the plaintiff's case which are not supported by the evidence. *School Dist. of Independence v. U.S. Gypsum,* 750 S.W.2d 442, 446 (Mo. App.W.D.1988). We review the grant of a motion for JNOV by the trial court as a matter of law. *Rhodes v. Marsh,* 807 S.W.2d 222, 223 (Mo.App.E.D.1991).

■ To establish a submissible case under FELA, plaintiff had to show defendant had a duty to provide decedent with a reasonably safe place to work, defendant breached its duty of care, such lack of due care played some part, however slight, in producing the injury complained of, and the injury was reasonably foreseeable. *White v. Union Pacific R.R. Co.,* 871 S.W.2d 50, 53 (Mo.App. E.D.1993).

■ Under FELA, an employer has a duty to provide its employees with a reason-

ably safe place to work. *Peyton v. St. Louis Southwestern Ry. Co.,* 962 F.2d 832, 833 (8th Cir.1992). If an employee is injured because of an unsafe condition, the employer is liable if its negligence played any part, even the slightest, in producing the employee's injury or death. *Glover v. Atchison, Topeka & Santa Fe Ry.,* 841 S.W.2d 211, 213 (Mo.App. W.D.1992). The burden remains on the employee, however, to show the employer was negligent. *Peyton,* 962 F.2d at 833. Proof of injury without proof of negligence is not enough. *Glover,* 841 S.W.2d at 213 (citations omitted). The railroad is not the insurer of the safety of the employee. *Id.* The duty of providing a reasonably safe place to work does not mean the elimination of all dangers, but only those which could have been removed by the exercise of reasonable care on the part of the employer. *Qualls v. St. Louis Southwestern Ry. Co.,* 799 S.W.2d 84, 86 (Mo. banc 1990).

■ Applying these principles to the record in this case, we conclude the trial court properly granted defendant's motion for JNOV. On the issue of negligence, there is no evidence, nor any inferences which may reasonably be drawn from the evidence, when viewed in the light most favorable to plaintiff, which can sustain a recovery for her. Decedent, as the top railroad official on duty at the relevant times, made the decision to travel and where to travel. He chose to utilize his own vehicle despite the availability of a four-wheel drive vehicle provided by defendant and was traveling on a public interstate highway. Decedent was not under directions to perform a particular task at the time of his injury. In fact, the uncontroverted evidence showed decedent's job responsibilities did not require him to travel that night. Decedent could have supervised the work crews by radio telephone from the Norton yard office.

Moreover, even if we assume *arguendo* defendant's failure to have a weather contingency plan in effect or have a weather radio at decedent's work station demonstrates negligence, we are still left with no causative link, even the slightest, to the injury decedent sustained. The evidence was undisputed a dispatcher warned decedent of the

weather conditions and, despite such warning, decedent directed other railroad employees out to work. Decedent's wife testified her husband would have gone out regardless of the weather. Nothing in the record indicated decedent would have heeded any other warning or information which he did not already know. In truth, the only evidence is to the contrary.

Accordingly, we affirm the trial court's order granting defendant's motion for JNOV. Plaintiff's argument the trial court erred in granting defendant's motion for a new trial is rendered moot and need not be addressed.

We affirm.

SMITH, P.J., and PUDLOWSKI, J., concur.