Thomas R. EUTON, Respondent,

v.

NORFOLK & WESTERN RAILWAY COMPANY, Appellant.

No. 69007.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 12, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 8, 1997.

Thomas B. Weaver, Peter J. Krane, St. Louis, for appellant.

Keith A. Jensen, Mark P. Spengler, Granite City, IL, for respondent.

RHODES RUSSELL, Presiding Judge.

This is an action for personal injuries pursuant to the Federal Employer's Liability Act ("FELA").[1] Thomas R. Euton ("Euton") brought suit against Norfolk and Western Railway ("Railway") for injuries sustained to his back when he fell on a stairway while carrying boxes for his employer. The jury found Railway negligent and awarded Euton $300,000. Railway motioned for a judgment nothwithstanding the verdict and a new trial which the trial court denied.

On appeal, Railway contends that the trial court erred in 1) denying its motion for directed verdict; 2) submitting Euton's verdict director; and 3) denying its motion to dismiss on the basis of forum non conveniens. We affirm.

Euton worked as a janitor for Railway at its railyard in Portsmouth, Ohio. In early 1990, Railway assigned Euton and a coworker to clean out a storeroom at one of its older buildings, an assignment not part of Euton's normal job duties. To complete this assignment, Euton was required to carry boxes of materials down a flight of stairs to the storeroom's basement. The stairs were concrete with a steel lip at the end of each step.

On March 2, 1990, while carrying boxes down the flight of stairs, Euton fell injuring his shoulder, neck, ankle, and back.

Euton sought medical attention with Dr. George Schoedinger, a St. Louis physician, for his injuries. Dr. Schoedinger diagnosed Euton as having a ruptured disc in his lower back. He stated that Euton's ruptured disc was caused by the accident. In August 1991, Dr. Schoedinger performed surgery on Euton's lower disc.

Euton filed suit in St. Louis City Circuit Court in July 1992 against Railway for negligence under FELA. He alleged that Railway was negligent in three respects: 1) the stairs were slick, 2) Railway failed to provide a dolly to move the boxes, and 3) Railway failed to provide him adequate help in moving the boxes. In response, Railway filed a motion to dismiss, or alternatively, to dismiss the case under the doctrine of forum non conveniens. The trial court denied Railway's motion.

At the close of evidence at trial, Railway moved for a directed verdict which the trial court denied. The jury returned with a verdict of $300,000 in favor of Euton. Railway filed a motion for a judgment notwithstanding the verdict, or alternatively, for a new trial. The trial court denied the motion. This appeal follows.

In its first point on appeal, Railway contends that the trial court erred in denying its motion for a directed verdict because Euton failed to present legally sufficient evidence to submit a case of negligence pursuant to FELA. Specifically, Railway argues that Euton failed to present sufficient evidence to establish 1) a causal connection between its alleged negligence and Euton's injury; 2) actual or constructive knowledge on Railway's part of its alleged negligence; and 3) that the workplace was not reasonably safe.

■ In determining whether a plaintiff has made a submissible case, an appellate court views the evidence in the light most favorable to the jury verdict and the prevailing party is afforded the benefit of all reasonable inferences that may be drawn from the evidence. *Qualls v. St. Louis Southwestern*

---

1. 45 U.S.C. § 51 et seq. (1986).

*Ry. Co.*, 799 S.W.2d 84, 85 (Mo. banc 1990). A FELA case should be submitted to a jury if there is any evidence, however slight, to support the employer's negligence. *Wilson v. Consolidated Rail Corp.*, 875 S.W.2d 178, 180 (Mo.App.1994). When there is no showing of employer's negligence, nor any reasonable foreseeability of harm, the FELA action may be taken from the jury. *Glover v. Atchison, Topeka & Santa Fe Ry.*, 841 S.W.2d 211, 213 (Mo.App.1992).

■ In FELA suits, "Congress vested the power of decision in these actions exclusively in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee's injury." *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 510, 77 S.Ct. 443, 450–51, 1 L.Ed.2d 493 (1957).

■ A submissible case is made under FELA where the plaintiff shows that the employer had a duty to provide him with a reasonably safe place to work, that the employer breached its duty of care, that this lack of due care played some part in causing plaintiff's injury and that his injury was reasonably foreseeable. *White v. Union Pacific R. Co.*, 871 S.W.2d 50, 53 (Mo.App.1993).

■ For its first subpoint on appeal, Railway contends that Euton failed to present sufficient evidence that the workplace was not reasonably safe. Railway argues that Euton did not present any specific evidence how the stairway was defective or how providing a dolly would have made Euton's job of carrying boxes down the stairs any safer. Railway essentially argues that Euton failed to present evidence that it was negligent.

■ Under the provisions of FELA, an employer has the duty to provide a reasonably safe workplace. *Crawford v. Norfolk and Western Ry. Co.*, 901 S.W.2d 252, 254 (Mo.App.1995). The term "reasonably safe workplace" means that an employer is required to remove those dangers that can be removed by the exercise of reasonable care. *Qualls v. St. Louis Southwestern Ry. Co.*, 799 S.W.2d 84, 86 (Mo. banc 1990). An employer, however, is not insurer of its employee's safety. *Id.* It is the employee's bur-

den to show that the employer was negligent. *Crawford*, 901 S.W.2d at 254.

With these standards in mind, we must determine whether there was any evidence, however slight, in the record from which the jury could find that Railway was negligent.

Euton testified that on the day of the accident he made 10–12 trips up and down the storeroom stairs and did not encounter any problems. He also testified that he had used these stairs approximately 1500 times during the course of his employment.

Euton did not know why he slipped and fell, but stated that the stairs were shiny and slick. He attributed the shininess of the stairs to the wear the stairs received from people walking on them over the years. Euton also testified that the stairs did not have a non-skid surface. His co-worker corroborated his testimony by stating that the stairs were shiny and steep, and that the stairs were on the slick side.

Euton also attributed his fall to the manner in which he had to carry the boxes down the stairs. He said that while carrying the box down the flight of stairs, he was unable to see where he placed his feet. Euton's co-worker also testified by deposition that they could not hold on to the handrails while descending the stairs with a box in their hands.

Euton asserted that Railway was negligent in failing to provide him a dolly to assist him in carrying the boxes down the stairs. Although there was a dolly available, and he had asked for it several times, one was not provided.

Euton additionally alleged that Railway was negligent because it failed to provide him adequate help. He testified that the task of carrying the boxes down the stairs was not part of his normal janitorial duties. Euton and his co-worker both testified that this type of work was for the maintenance-of-way department.

Despite this evidence, Railway maintains that this evidence does not support the inference that Railway was negligent.

■ A jury's power to engage in inferences is considerably broader in FELA ac-

tions than in common law negligence suits. *Ybarra v. Burlington Northern, Inc.,* 689 F.2d 147, 149 (8th Cir.1982).

■ The United States Supreme Court has stated that under FELA, "[i]t is no answer to say that the jury's verdict involved speculation and conjecture." *Lavender v. Kurn,* 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916 (1946). Given the strong federal policy for jury determinations under FELA actions, we are not free to reweigh the evidence and set aside the jury verdict simply because we feel another result would be more reasonable. *See Tennant v. Peoria & P.U. Ry. Co.,* 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520 (1944).

Applying these principles to the case at hand, we find that the record demonstrates that there was sufficient evidence from which a jury could reasonably infer that Railway was negligent. Despite Railway's assertion that Euton failed to present sufficient evidence, little evidence is necessary to create a jury question of negligence. *Hertzler v. Burlington Northern R. Co.,* 720 S.W.2d 762, 766 (Mo.App.1986).

There was evidence which showed that the stairs were worn, old, and slick. Additionally, the jury heard evidence that Euton requested, but did not receive, a dolly. A jury could reasonably infer that a dolly would have made Euton's task safer and that Railway was negligent in not providing the dolly.

■ In its second subpoint, Railway argues that Euton failed to establish a causal link between its alleged negligence and Euton's injury. Railway asserts that he failed to prove that any alleged defect in the stairs or any other allegedly unsafe working condition caused his injury.

■ Under FELA, a plaintiff must prove that employer's negligence caused his injury. *Glover,* 841 S.W.2d at 213. Causation under FELA, however, differs from a "normal" negligence case because if employer's negligence is the slightest cause of the injury, liability is established. *Roth v. Atchison, Topeka & Santa Fe Ry.,* 912 S.W.2d 583 (Mo.App.1995). Recovery under FELA is appropriate even if the employee's injury was caused by the cumulative effect of a series of incidents. *Stewart v. Alton and Southern Ry. Co.,* 849 S.W.2d,119, 125 (Mo.App.1993). Thus, there must be some evidence, even the slightest, to connect Euton's injury to some negligent act of Railway.

Euton introduced the testimony of his treating physician, Dr. Schoedinger, who testified that to a reasonable medical certainty, Euton's disc rupture was caused by the accident. From that testimony, the jury could reasonably infer that Euton's injury was caused by Railway's negligence.

■ In its third subpoint, Railway contends that Euton failed to present sufficient evidence that it had notice of its alleged negligence. Railway claims that Euton did not present evidence that it had actual or constructive knowledge that the stairs were not reasonably safe.

■ Foreseeability is a necessary element of a FELA action. *Keith v. Burlington Northern Railroad Co.,* 889 S.W.2d 911, 917 (Mo.App.1994). To satisfy the foreseeability element, an employee must show that the employer had actual or constructive notice of the defective condition that caused his injury. *Sinclair v. Long Island R.R.,* 985 F.2d 74, 77 (2nd Cir.1993). In FELA suits, the issue of foreseeability is a jury question. *Stewart,* 849 S.W.2d at 125. Judicial review of the foreseeability issue is limited to the reasonableness of the jury finding. *Id.*

■ In order to demonstrate foreseeability, the employee must show

> that (1) an officer, employee or agent of the railroad was responsible, through negligence, for the presence of the unsafe condition; or (2) at least one of such persons had actual knowledge of its presence before the accident; or (3) the unsafe condition had continued for a sufficient length of time to justify the inference that failure to know about it and remove it was due to want of proper care.

*Wilson,* 875 S.W.2d at 180; (citing *Brown v. Cedar Rapids and Iowa City Ry. Co.,* 650 F.2d 159, 161 (8th Cir.1981)).

The issue is whether the condition of the stairs supports a reasonable inference that

Railway had actual or constructive notice of the stairs' condition. Our Missouri Supreme Court has held that constructive notice could be inferred from evidence if the unsafe condition had existed for a considerable length of time. In *Wiser v. Missouri Pacific Railroad Company*, 301 S.W.2d 37 (Mo.1957), the court upheld a verdict in favor of a railroad employee who slipped and fell due to a rock embedded in the ballast of a railroad track. The court found that there was sufficient evidence to support the inference that the embedded rock had been there a considerable time, and therefore, the defendant had notice of the unsafe condition. *Id.* at 41.

In the present case, there was evidence which would support a reasonable inference that Railway had constructive or actual notice of the condition of the stairs. First, there was testimony from Charles Wise, Railway's superintendent, who said that he was aware that the stairs were worn. Wise also testified that he was not sure whether the stairs had a non-skid surface or not. Wise also stated that the stairs had been waxed shortly before Euton's accident. Although there was no direct testimony from Wise that he thought the steps were slick, one could reasonably infer that he had actual notice of the condition from his testimony.

Further, Euton testified that the stairs were used by Railway's employees daily over the years and that the stairs had become worn because of their use. Obviously, the stairs did not become worn and shiny overnight. Because Railway's agents used the stairs and knew of their condition, this knowledge was imputed to Railway.

Unlike the cases cited by Railway in which the court held there was no constructive notice because the defective condition was not present long enough to impart such notice, the condition of the stairs deteriorated over a long period of time. The jury could reasonably infer that this lapse of time imparted constructive notice of the stairway's condition to Railway.

We hold that Euton made a submissible case, and therefore, the trial court properly denied Railway's motion for a directed verdict. Point one is denied.

In its second point on appeal, Railway contends that the trial court erred by submitting Euton's verdict director, MAI 24.01, which contained three theories of negligence, because there was not sufficient evidence to support recovery under each of the theories. Euton's verdict director, Instruction No. 6, provided the following:

Your verdict must be for the plaintiff if you believe:

First, conditions for work were not reasonably safe and defendant knew, or by using ordinary care, could have known of such conditions and that they were not reasonably safe, and

Second, with respect to such conditions for work, defendant either failed to provide:

reasonably safe conditions for work, or

reasonably safe appliances, or

reasonably adequate help, and

Third, defendant in any one or more the respects submitted in Paragraph Third was negligent, and

Fourth, such negligence resulted in whole or in part in the injury to the plaintiff.

A verdict director is properly submitted in the disjunctive only when each of its separate parts is supported by the evidence. *Hawthorne v. Hills*, 861 S.W.2d 337, 340 (Mo.App.1993). When reviewing the sufficiency of the evidence to support a jury instruction, the appellate court reviews the evidence and reasonable inferences therefrom in the light most favorable to the verdict. *Smith v. Archbishop of St. Louis*, 632 S.W.2d 516, 521 (Mo.App.1982).

Specifically, Railway argues that the provision of the verdict director which alleged that it failed to provide reasonably safe appliances was incorrect because appliance liability under FELA only extends to where the employer provides an unsafe appliance or provides the wrong appliance. Since Railway did not provide Euton with an unsafe appliance, a dolly, Railway contends the verdict director was erroneous. Railway asserts that Euton should have submitted an "unsafe methods" instruction.

FELA imposes liability for employee injuries resulting from "any defect or insufficien-

cy due to its negligence in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." *Gilliam v. Chicago & North Western Transp.*, 859 S.W.2d 155, 160 (Mo.App.1993) (citing 45 U.S.C. § 51 (1986)). An appliance is "a tool, instrument or device specially designed for a particular use." *Id.* MAI 24.01 is the proper instruction when one alleges negligence based on the failure to provide reasonably safe appliances under FELA. *Id.*

Having previously determined that there was sufficient evidence to support a negligence finding, we will confine our inquiry to whether "failure to provide reasonably safe appliances" extends to situations where the employer fails to provide an appliance.

Railway cites *Roth*, 912 S.W.2d 583, for the proposition that the "failure to provide reasonable safe appliances" instruction only applies in those situations where actual appliances are provided. In *Roth*, plaintiff was injured while manually removing wooden planks rather than using a boom truck to lift the planks. *Id.* at 586. Instead of using the boom truck to lift the wooden planks, plaintiff used tie tongs to lift the planks. *Id.* at 588. The court held that the evidence supported the jury's conclusion that the defendant failed to provide reasonably safe appliances for the plaintiff. *Id.* The court noted that an employer's duty to provide reasonably safe appliances extended to providing proper tools for employee safety, not just tools free from defects. *Id.* Railway's interpretation of *Roth* is misplaced. We do not read *Roth* to mean that an employer is only liable when an employer provides a defective appliance, or provides an improper appliance when another type of appliance is warranted. *Roth* states that an employer's duty to provide safe appliances extends to providing the proper tools, not just tools free from defect. *Id.*

In *Welsh v. Burlington Northern R. Co.*, 719 S.W.2d 793 (Mo.App.1986), our court addressed the issue of whether evidence of a safer appliance could be introduced. Therein, plaintiff was injured while he was manually loading propane bottles on a railroad car. Plaintiff introduced evidence demonstrating that defendant had previously provided the employees with carts to load the propane tanks and could have provided the plaintiff with a cart. *Id.* at 797. This court held that the evidence was admissible because it was "*relevant and probative on the issue of whether defendant was negligent in failing to provide reasonably safe equipment for its employee's use.*" *Id.* (emphasis ours).

Another jurisdiction had held that an employer can be held liable for failing to provide a safe appliance where no appliance is provided at all. In *Deckert v. Chicago & Eastern Illinois Railroad Co.*, 4 Ill.App.2d 483, 124 N.E.2d 372 (1955), an employee fell and injured himself while cutting pipes twenty feet above the ground. Employee used the pipes he was cutting to support himself since the employer did not provide employee a ladder or scaffolding. The court stated that a jury could find the defendant negligent in failing to provide suitable appliances by assigning the employee to work twenty feet above the floor without providing the employee anything to stand upon. *Id.* 124 N.E.2d at 376.

Although *Deckert* did not address the issue of what verdict director is proper to submit where an employer fails to provide a safe appliance, it does support the proposition that an employer can be held liable for failing to provide the proper appliance where one was warranted.

As in *Roth* and *Welsh*, Euton was injured while manually carrying objects when an appliance was readily available for use. Euton introduced evidence that he had requested a dolly and one was not provided, although one was available. Like in *Welsh*, this evidence was relevant on the issue of whether Railway was negligent in failing to provide reasonably safe appliances. Since Euton's verdict director encapsulated the issue of whether Railway failed to provide a safe appliance, the trial court did not err in submitting it. Based on the evidence and all reasonable inferences the jury was permitted to draw therefrom, there was sufficient evidence to support Euton's verdict director. Point two is denied.

Railway's third and final point on appeal maintains that the trial court abused

its discretion in refusing to grant its motion to dismiss Euton's action on the grounds of forum non conveniens. Railway argues that since the accident occurred in Portsmouth, Ohio, and that Euton, and most of the witnesses, were from Ohio, it was illogical to conduct the trial in Circuit Court of the City of St. Louis. Railway also contends that Euton chose the forum of St. Louis because of the perception that St. Louis juries are more generous in awarding damages to plaintiffs.

The doctrine of forum non conveniens may be applied in FELA cases. *Besse v. Missouri Pacific R. Co.,* 721 S.W.2d 740, 741 (Mo. banc 1986). The decision whether to dismiss an action based on forum non conveniens is largely committed to the trial court's discretion. *Id.* at 742. The appellant bears the burden of showing that the trial court abused its discretion in denying a motion based upon forum non conveniens.

The Missouri Supreme Court in *Anglim v. Missouri Pacific R. Co.,* 832 S.W.2d 298, 303 (Mo. banc 1992), has set out the factors to be considered in forum non conveniens challenges. The decision of a trial court should not be reversed unless the appellate court is convinced that the relevant factors weigh heavily in favor in applying the doctrine of forum non conveniens and allowing the case to be tried in Missouri would be oppressive to the defendant or impose an undue burden on Missouri courts. *Id.*

Although the location of witnesses is a relevant factor when deciding whether to apply the doctrine of forum non conveniens, merely because more witnesses are located in another state than Missouri, does not mean the trial court abused its discretion. *Anglim,* 832 S.W.2d at 304. Also, the mere fact that a plaintiff might choose a forum based upon a favorable jury does not in itself constitute grounds for dismissal. *See Connour v. Burlington Northern R. Co.,* 889 S.W.2d 138, 143 (Mo.App. 1994). The appellant bears the burden of showing that the trial court abused its discretion in denying a motion based upon forum non conveniens. *Anglim,* 832 S.W.2d at 303.

One of the reasons Euton chose St. Louis was that his treating physician, Dr. Schoedinger, resided in the St. Louis area. The Missouri Supreme Court has stated that the need to have access to the treating physicians and medical records is a pertinent factor in choosing a particular forum. *Id.* at 303–04. The fact that Euton's treating physician practiced in St. Louis and that Railway engaged as a common carrier in Missouri provides a sufficient nexus to Missouri. Even though most of the events took place outside the state of Missouri, that is not in itself grounds for dismissing the suit. *See Melton v. Illinois Cent. Gulf R. Co.,* 763 S.W.2d 321, 322 (Mo.App.1988).

Following the direction of *Anglim* and after reviewing the record, we conclude that the trial court did not abuse its discretion in denying Railway's motion to dismiss on the basis of forum non conveniens. Railway's point three is denied. The judgment is affirmed.

SIMON and KAROHL, JJ., concur.