Herman T. TRAVIS, Jr., Appellant,

v.

The KANSAS CITY SOUTHERN
RAILWAY COMPANY,
Respondent.

No. WD 54740.

Missouri Court of Appeals,
Western District.

Oct. 20, 1998.

George Fitzsimmons, St. Louis, for Appellant.

L.J. Buckner, Jr., Kansas City, for Respondent.

SPINDEN, Presiding Judge.

Herman T. Travis appeals the circuit court's judgment notwithstanding the verdict for Kansas City Southern Railway Company. The circuit court concluded that Travis failed to show any negligence by Kansas City Southern in his lawsuit against the company. We affirm.

Travis sued his employer, Kansas City Southern, under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.* Travis claimed that he suffered permanent injuries to his arm when Kansas City Southern required him to join two, ice-covered air hoses without assistance. The jury entered a $150,000 verdict for Travis. The circuit court granted Kansas City Southern's motion for judgment notwithstanding the verdict. The circuit court concluded that Travis did not show any negligence by Kansas City Southern.

Travis appeals. He contends that the circuit court erred in entering judgment notwithstanding the verdict because he presented sufficient evidence that Kansas City Southern's negligence was, at least, a partial cause of his injury.

In reviewing the circuit court's granting of a motion for judgment notwithstanding the verdict, we view the evidence and reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Briggs v. Kansas City Southern Railway Company,* 925 S.W.2d 908, 911 (Mo.App.1996).

The evidence established that Travis worked for Kansas City Southern as a carman and that his duties included coupling railroad cars' air hoses. To couple the hoses, he bent one while he grabbed the other and manipulated them into alignment for joining.

On February 25, 1994, Travis was working the 11:00 P.M. to 7:00 A.M. shift in Kansas City Southern's rail yard in Shreveport, Louisiana. He said that, early in his shift, he tore his right arm's biceps while attempting to couple two hoses. He said that the hoses were difficult to manipulate because a "light coating of ice" enveloped them. He said that he usually could bend an air hose with one hand, but, because of the ice, he had to use both of his hands to bend the hoses on February 25.

Travis submitted his case to the jury on two alternative theories of liability: that Kansas City Southern did not provide "reasonably safe conditions for work" or that it did not provide "reasonably adequate help." The test for whether Travis presented sufficient evidence is:

> [W]hether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes.... Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death.... [I]f that test is met, [judges] are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities.

*Rogers v. Missouri Pacific Railroad Company,* 352 U.S. 500, 506–07, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). In considering whether

a plaintiff has made a sufficient case under FELA, questions should be left to the jury to the maximum extent possible. *Id.* at 504, 77 S.Ct. 443; *Hertzler v. Burlington Northern Railroad Company,* 720 S.W.2d 762, 766 (Mo.App.1986).

▮ Travis' proving injury was not enough. His burden was to prove that Kansas City Southern's negligence *caused* his injury. *Glover v. Atchison, Topeka, and Santa Fe Railway Company,* 841 S.W.2d 211, 213 (Mo.App.1992); *Tennant v. Peoria and P.U. Railway Company,* 321 U.S. 29, 32, 64 S.Ct. 409, 88 L.Ed. 520 (1944). Travis had to prove that Kansas City Southern breached its duty to provide a reasonably safe workplace by establishing that Kansas City Southern knew or, by exercising reasonable care, should have known of the potential hazard in the workplace and that Kansas City Southern failed to exercise reasonable care to inform and to protect its employee. *Syverson v. Consolidated Rail Corporation,* 19 F.3d 824, 826 (2nd Cir.1994); *Briggs,* 925 S.W.2d at 914. Only "slight or minimal" evidence is necessary to create a jury question on the issue of negligence in a FELA case. *Mendoza v. Southern Pacific Transportation Company,* 733 F.2d 631, 632 (9th Cir.1984); *Zibung v. Union Pacific Railroad Company,* 776 S.W.2d 4, 5 (Mo. banc 1989). Only a complete absence of probative facts to support a conclusion of negligence will support a judgment notwithstanding the verdict in a FELA case. *Hertzler,* 720 S.W.2d at 766.

Travis claims that he presented evidence which established that Kansas City Southern knew, or should have known, of the potential hazard of icy, stiff air hoses and that Kansas City Southern did not exercise reasonable care to inform or to protect him. At a minimum, he asserts, Kansas City Southern was obligated to provide him with a helper.

▮ Travis presented the testimony of several persons, including himself, that ice made the hoses more difficult to manipulate. This, however, did not establish negligence by Kansas City Southern. Merely asking workers to perform tasks which are more difficult under certain conditions is not, in itself, negligence.

Travis was obligated to establish that Kansas City Southern, under the circumstances, asked him to take an unreasonable risk. He did not make such a demonstration. To the contrary, Travis testified that for 30 years, presumably under all kinds of conditions, he had coupled hoses by himself without injury. He said that on February 25, 1994, the air hoses were not defective and that he saw no reason not to attempt coupling them, even after finding that some of them were stiff. He said that "[p]retty much all" of the air hoses were "slicked over with ice," but it was not until he reached for one particular hose that he had any problems.

He did not present any evidence indicating that a carman had ever been injured by coupling ice-covered air hoses. Several Kansas City Southern employees testified that coupling air hoses in cold weather was more difficult, but none of them testified that they had been injured doing it. Travis admitted that he never requested, or used, a second person to couple air hoses in his 30 years of experience and that he never complained about the lack of a second person. We find no evidence in the record that Kansas City Southern had notice that coupling ice-covered hoses presented a tangible risk of harm to its employees.

Travis, therefore, failed to show that Kansas City Southern was negligent in regard to the conditions it asked him to work under or in regard to the help it provided him on February 25, 1994. We affirm the circuit court's judgment.

ULRICH and EDWIN H. SMITH, JJ., concur.