Patrick JOHNSON, Respondent,

v.

**UNION PACIFIC RAILROAD COMPANY, Appellant.**

No. ED 83450.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 5, 2004.

Theodore J. Williams, Jr., Lisa A. Larkin, Paul E. Petruska, Williams Venker & Sanders, LLC, St. Louis, MO, for Appellant.

Jerome J. Schlichter, Nelson G. Wolff, Schlichter, Bogard & Denton, St. Louis, MO, for Respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Union Pacific Railroad Company ("Employer") appeals from the judgment of the Circuit Court of the City of St. Louis entered on the jury's verdict in favor of Respondent, Patrick Johnson ("Employee").

Employer is a common carrier by railroad engaged in interstate transportation and commerce where Employee worked as a locomotive engineer. On May 11, 2001, Employee was operating a grain train through Employer's Beverly Yard near Cedar Rapids, Iowa when it derailed. A broken rail under the train was the cause of the accident.

Employee filed suit under the Federal Employers' Liability Act ("FELA") alleging that he suffered injuries to his neck, back, spine, and right shoulder in the May 11, 2001 incident, and that these injuries were a result of Employer's negligence. In his suit, Employee claimed he experienced significant pain and suffering, mainly due to a disc rupture, along with emotional distress as a result of the injuries sustained. Shortly before the trial began, Employee was notified by Employer that

he was disqualified from working as a locomotive engineer due to his ailments.

The case was tried before a jury from April 21 through April 30, 2003, and a verdict was returned in favor of Employee in the amount of $4.1 million dollars. The trial court entered judgment in accordance with the verdict. Employer's subsequent motion for judgment notwithstanding the verdict, and alternative motions for new trial or substantial remittitur were denied. This appeal followed.

In Employer's first point on appeal, it argues that the trial court erred in denying its motion for directed verdict and its motion for judgment notwithstanding the verdict, because Employee failed to make a submissible case as a matter of law. Employer claims that Employee presented no evidence of either: 1) a defective condition that caused the rail to break or 2) that Employer had actual or constructive knowledge of any alleged defective condition.

Our standard of review for denial of a judgment notwithstanding the verdict ("JNOV") and denial of a motion for directed verdict are essentially the same. *Giddens v. Kansas City Southern Ry. Co.,* 29 S.W.3d 813, 818 (Mo.banc 2000). In deciding whether there was sufficient evidence to support the jury's verdict, the evidence is viewed in the light most favorable to the jury's conclusion. *Id.* A case cannot be submitted to the jury unless all facts essential to liability are based upon legal and substantial evidence. *Id.* We will reverse the jury's verdict for insufficient evidence only if there are no probative facts to support the verdict. *Id.* Congress vested the power of decision in FELA actions exclusively in the jury in all but the few cases in which fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee's injury. *Morgan v. Union Pacific R.*

*Co.,* 979 S.W.2d 477, 480 (Mo.App. E.D. 1998).

In order to make a submissible FELA case, the plaintiff must demonstrate that: 1) it was the railroad's duty to provide a reasonably safe workplace, 2) the railroad's lack of care played a part, however small, in producing the injury and 3) the injury was reasonably foreseeable. *Ramsey v. Burlington Northern & Santa Fe Ry. Co.,* 130 S.W.3d 646, 651 (Mo.App. E.D.2004), *quoting Rogers v. Missouri Pacific R.R. Co.,* 352 U.S. 500, 510, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).

For its first sub-point on appeal, Employer asserts that Employee presented no evidence of a defective condition that caused the rail to break.

Applying the provisions of FELA, a railroad has the duty to provide a reasonably safe workplace. *Euton v. Norfolk & Western Ry. Co.,* 936 S.W.2d 146, 150 (Mo.App. E.D.1996). The duty to provide a "reasonably safe workplace" means that the employer is required to remove those dangers that can be removed by the exercise of reasonable care. *Id.* It is the burden of the employee to prove that the employer was negligent. *Id.* Taking these standards into consideration, we have to determine whether there was any evidence, however slight, in the record that would allow the jury to conclude that the employer was negligent. *Id.*

Hours before the derailment of Employee's train, which had been traveling on the main line, Employee was given instructions from railroad officials to pull his train, which weighed over two million pounds, into the Beverly yard through various crossovers in order to avoid a grain train which was blocking the main line at the opposite end of the yard. There is evidence in the record that there is an

increased likelihood of derailment when a heavy locomotive is switching tracks as opposed to going on the main line. Additionally, the exact same section of rail and milepost where Employee's accident occurred had broken the day before Employee's train derailed. Evidence was provided that Employer failed to use all available equipment to check for defects as a precautionary measure after replacing the rail that broke the day before Employee's derailment. Therefore, Employee presented, at the least, some evidence that would allow the jury to reasonably conclude that Employer was negligent. Sub-point denied.

■ In its second sub-point on appeal, Employer contends that Employee set forth no evidence of foreseeability as to the May 11, 2001 broken rail.

■ For the foreseeability element in a FELA case to be satisfied, the plaintiff has to prove that the railroad had actual or constructive notice of the defective condition that caused his injury. *Ramsey*, 130 S.W.3d at 651. The issue of foreseeability is a jury question. *Morgan*, 979 S.W.2d at 480. Our review is therefore limited to the reasonableness of the jury finding on foreseeability. *Id.*

As mentioned earlier, Employee provided evidence that, the day before the derailment of Johnson's train, a locomotive had derailed as the result of a broken rail along the same stretch of rail where Johnson's train subsequently derailed. Subsequently, not all available equipment was used to insure that repair work had left the stretch of rail at issue free from defect. This evidence shows that Employer knew or should have known that the stretch of rail at issue was in a defective condition. Therefore, Employee presented sufficient evidence for the jury to find his injury resulting from the broken rail to be reasonably foreseeable. Sub-point denied.

■ In Employer's second point on appeal, it asserts that the trial court erred in denying its motion for a new trial, because the jury was improperly instructed in that the trial court failed to include Union Pacific's tendered Instruction D.

■ We will disturb the trial court's disposition of a motion for new trial only when the ruling constitutes a clear abuse of discretion. *Sims v. Burlington Northern & Santa Fe Ry.*, 111 S.W.3d 454, 457 (Mo.App. E.D.2003).

■ The appropriateness of jury instructions relating to the measure of damages in a suit brought under FELA is an issue of substance to be determined by federal law. *Wilson v. Consolidated Rail Corp.*, 875 S.W.2d 178, 182 (Mo.App. E.D. 1994). Therefore, a party's assertion that it is entitled to an instruction cannot be dismissed simply because the instruction is not found in the Missouri Approved Instructions ("MAI"). *Id.* If the trial court errs in failing to give an instruction to which a party is entitled, reversal is only justified if the merits of the action have been materially affected. *Ramsey*, 130 S.W.3d at 655.

Employer argues the trial court prejudicially erred in refusing to submit its non-MAI instruction ("Instruction D") regarding the issue of aggravation of a pre-existing condition despite evidence showing the existence and aggravation of a pre-existing condition. Instruction No. 8, which was a recital of MAI 8.02, was given to the jury on the issue of damages and states in pertinent part:

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained and is reasonably certain to sustain in the future as a result

of the occurrence of May 11, 2001 mentioned in the evidence. Instruction No. 8.

Instruction No. 8, by its own words, limited the assessment of damages to those "sustained as a result of the occurrence of May, 11, 2001." Furthermore, Employer was allowed to submit evidence of a pre-existing condition to the jury during trial. Therefore, even assuming *arguendo* that the trial court erred in refusing to submit Employer's proposed Instruction D concerning the existence and aggravation of a pre-existing condition, the merits of the FELA action were not materially affected. Point Denied.

In Employer's third point on appeal, it claims that the trial court erred in denying its motion for a new trial, because it allowed the jury to hear, over its objection, various pieces of improper and highly prejudicial evidence.

In response, Employee argues that Employer did not preserve for appeal these claimed errors. Secondly, Employee argues that even if the alleged errors were preserved, the trial court did not abuse its discretion by admitting the evidence.

We have reviewed the briefs of the parties and the record on appeal with respect to this claim. As an extended opinion would serve no jurisprudential purpose, we affirm this part of the judgment pursuant to Rule 84.16(b).

In Employer's final point on appeal, it argues the trial court erred in denying its motion for a new trial, because the jury was improperly instructed in that the trial court failed to instruct the jury in Instruction No. 8 that tier I and tier II taxes must be deducted from any award on Employee's future lost wage claim.

Rule 70.03 states in pertinent part:

Counsel shall make specific objections to instructions considered erroneous. No party may assign as error the giving or failure to give instructions unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Rule 70.03.

Employer did not object at any time during trial to the submission of Instruction No. 8 on the particular ground it has raised in the final point of its appeal. *See Carter v. St. John's Regional Med. Center,* 88 S.W.3d 1, 20 (Mo.App. S.D.2002). Therefore, Employer has not preserved this point for appellate review. Point denied.

Based on the foregoing, we affirm the judgment of the trial court.

MARY K. HOFF, J. and SHERRI B. SULLIVAN, J., concur.