Doris E. CLARK, Appellant,

v.

BELFONTE DISTRIBUTING, INC.,
and David A. Custer,
Respondents.

No. WD 63722.

Missouri Court of Appeals,
Western District.

May 31, 2005.

William T. Session, Kansas City, MO, for appellant.

Stanley Neal Wilkins, Kansas City, MO, for respondents.

· Before LOWENSTEIN, P.J., SPINDEN and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

Plaintiff Doris E. Clark's car was rear-ended by David A. Custer while making deliveries for his employer, Belfonte Distributing, Inc. A jury rendered a verdict for the defendants. The only issue is whether the rear-end collision doctrine should have been applied in determining liability.

## STATEMENT OF FACTS

On January 8, 1999, Custer was scheduled to deliver milk to schools for his employer, Belfonte. Prior to commencing his route, Custer completed his normal pre-trip safety check on the truck, including brake tests, and found everything to be working properly. He then began making deliveries.

Custer completed over half of his route without encountering icy roads. As a result, he did not take any extra precautions when he approached the intersection of Missouri Highways 291 and 150 to ultimately turn left onto Highway 150. Custer first saw Clark's vehicle stopped at the intersection's stoplight after he crested the hill on Highway 291. He was traveling between thirty to thirty-five miles per hour when he started applying normal pressure to the brakes approximately one hundred yards before the intersection. When his truck did not respond, Custer "pumped" the brakes, honked the horn, and swerved; however, he was unable to avoid skidding into the rear of Clark's vehicle. Custer testified that only after exiting his truck to check on Clark did he become aware of the icy conditions.

At trial, the court declined to apply the rear-end collision doctrine to determine Custer and Belfonte's liability. It, instead, instructed the jury using a verdict director that required proof that Custer committed a specific act of negligence in order to find them liable. When the jury returned a verdict in favor of the defendants, the trial court accepted the verdict and entered judgment.

## ANALYSIS

The plaintiff, Clark raises six points on appeal. Specifically, she claims that the trial court erred in: (1) overruling her motion for directed verdict on the defendants' liability at the close of her evidence; (2) overruling her motion for directed verdict on the defendants' liability at the close of all evidence; (3) refusing to instruct the jury using the "rear-end collision" verdict director; (4) instructing the jury, instead, with a .combination of the "multiple negligent acts submitted" and "failure to act after danger of collision apparent" verdict directors; (5) failing to sustain her motion for a judgment notwithstanding the verdict or, in the alternative, motion for a new trial; and (6) refusing to vacate its judgment.

At the heart of Clark's six points on appeal is her third point, the applicability of the rear-end collision doctrine. The rear-end collision doctrine provides that:

> if one has his vehicle in a portion of the highway where he should have it in view of his course, and another traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead, proof of the collision ... makes out a *prima facie* case of specific negligence against the driver operating the overtaking vehicle.

*Ethridge v. Gallagher*, 773 S.W.2d 207, 211 (Mo.App.1989). The rationale behind this doctrine is that the "party in the vehicle

behind has a view of what is in front and can better explain why his vehicle struck the rear of the car ahead." *Mueller v. Storbakken*, 583 S.W.2d 179, 182 (Mo. banc 1979). The rear-end collision doctrine is similar to *res ipsa loquitur*, in that the fact of the collision is said to "bespeak[ ]" the defendant's negligence. *Kaufmann by Kaufmann v. Nagle*, 807 S.W.2d 91, 94 (Mo. banc 1991). "Time and distance available to the overtaking driver are necessary factors" in determining whether the driver "permitted" the collision to occur. *Id.* at 95 (quoting *Lichtenberg v. Hug*, 481 S.W.2d 527, 529 (Mo.App.1972)).

In Clark's first point on appeal, she contends that the trial court erred in overruling her motion for directed verdict at the close of her evidence, since she had established a prima facie case. When reviewing a plaintiff's motion for directed verdict, this court must "view the evidence in the light most favorable to defendants, giving defendants the benefit of all favorable inferences reasonably drawn from the evidence, and disregarding plaintiff's evidence that does not support defendants' case." *Am. Bank of Princeton v. Stiles*, 731 S.W.2d 332, 342–43 (Mo.App.1987). If the evidence is such that "reasonable minds could reach different conclusions," the trial court's denial shall be affirmed. *Id.* at 343.

Clark's motion for directed verdict was premature. This court notes that the applicability of the rear-end doctrine is ultimately at issue; however, even if the doctrine is found to apply, liability would not necessarily be imposed upon the defendants. When applicable, the rear-end collision doctrine "only establishes a prima facie case; it does not compel a directed verdict." *Gilleylen v. Surety Foods, Inc.*, 963 S.W.2d 15, 18 (Mo.App.1998). The presumption created in favor of the plaintiff does not automatically entitle her to prevail as a matter of law. *Feick v. Fenlon*, 939 S.W.2d 537, 538 (Mo.App.1997). Instead, after a plaintiff establishes that she was in a place where she had a right to be, the burden then shifts to the defendant to produce evidence rebutting the prima facie case. *Nishwitz v. Blosser*, 850 S.W.2d 119, 122 (Mo.App.1993). In order to avoid liability, "the defendant is obligated to either present evidence of defense or excuse." *Gilleylen*, 963 S.W.2d at 17.

The evidence received during Clark's case-in-chief only included testimony from Clark, her late-husband via deposition designations, an accident reconstruction expert, and excerpts read into the record from Custer's deposition. Because the defendant was not yet afforded the opportunity to rebut the prima facie case, Clark's motion for directed verdict at the end of her case was properly denied.

Clark's motion for a directed verdict at the close of all evidence was also properly denied. On review, appellate courts "review denial of a motion for directed verdict as a question of law, viewed in the evidentiary light most favorable to the non-moving party, and determine whether that party has made a submissible case." *Fricke v. Valley Prod. Credit Ass'n*, 721 S.W.2d 747, 752 (Mo.App.1986). The facts adduced during Custer's presentation of evidence rendered a directed verdict under this theory inappropriate.

Specifically, Custer did not encounter icy roads while making his morning deliveries until approaching the intersection of Missouri Highways 291 and 150. When attempting to stop one hundred yards before the intersection, he applied normal pressure to the brakes but his truck did not respond. Custer then tried to avoid the impending collision by "pumping" the brakes, honking the horn, and swerving, but was unsuccessful. Because these facts neither "bespeak negligence" nor support

an inference that Custer "permitted" the collision to occur, the trial court properly denied Clark's motion for a directed verdict. Point denied.

Clark's third and fourth points both deal with instructional error. She argues that trial court erred in refusing to instruct the jury under MAI 17.16, the rear-end collision verdict director, and by instead giving an verdict director based on a combination of MAI 17.02, "multiple negligent acts submitted," and MAI 17.04, "failure to act after danger of collision apparent." In order to preserve claims of instructional error for review, a party must object to the instruction at trial and include the alleged error in his or her motion for a new trial. *Goede v. Aerojet Gen. Corp.*, 143 S.W.3d 14, 28 (Mo.App. 2004); *see also* Rule 70.03. If preserved, the appellant "must show that: 1) the instruction as submitted misled, misdirected, or confused the jury, and 2) prejudice resulted from the instruction" to obtain a reversal. *Van Volkenburgh v. McBride*, 2 S.W.3d 814, 821 (Mo.App.1999).

Although the defendants claim that Clark's arguments are not preserved since she offered the very instruction of which she now complains, this court disagrees. During the instruction conference, Clark's attorneys proposed submission of the rear-end collision verdict director. When rejected, Clark instead offered an alternate instruction that reflected how the trial court thought the jury should be instructed. Clark objected to the content of the instruction, both when submitted and in her motion for new trial. Consequently, Clark's points may be reviewed on the merits. *See Braun v. Lorenz*, 585 S.W.2d 102, 109 (Mo.App.1979) (holding that a party does not waive objection to an instruction by merely proposing an instruction prepared at the direction of the court).

The rear-end collision doctrine is limited in scope and should only be used "where the facts show [it] is clearly applicable." *Kaufmann*, 807 S.W.2d at 94; *see also* MAI 17.16, Notes on Use 1 (6th ed.2002). As a result, a case is submissible under this theory only when "circumstances warranting an inference of ... negligence "on the part of the driver of the following vehicle that" 'bespeak[ ] ... negligence'" exist. *Jensen v. Pappas*, 684 S.W.2d 524, 528 (Mo.App.1984) (citations omitted).

Again, the trial testimony established that Custer affirmatively tried to avoid the collision and, thus, did not "permit his vehicle to run into the rear of the one ahead." Since this necessary element was not proven, Clark's case was not submissible under the rear-end collision doctrine. Therefore, the trial court neither misled, misdirected, nor confused the jury by using a verdict director that required proof of a specific act of negligence. Points three and four are denied.

Clark next argues that the trial court erred in failing to sustain her motion for judgment notwithstanding the verdict or, in the alternative, a new trial. She maintains that the evidence adduced at trial did not rebut her prima facie case. This court disagrees.

An appellate court will only overturn a jury's verdict "if there are no probative facts to support the verdict." *Johnson v. Union Pac. R.R. Co.*, 146 S.W.3d 14, 17 (Mo.App.2004). Here, there was evidence presented at trial that rebutted Clark's case and, likewise, supported a defense verdict. Custer testified that he completed his pre-trip safety check without incident, had not encountered ice on his delivery route until reaching the hill/intersection where the collision occurred, and was not exceeding the speed limit as he descended down the hill toward the

stoplight. Although he applied normal pressure to the brakes, his truck did not respond and he was unable to control the direction in which it traveled. Custer further stated that he tried pumping the brakes, swerving, and ultimately honking the horn to try to alert Clark—all without avail. As a result, there was ample evidence to support the jury's verdict and the trial court properly denied Clark's motion.

■ In her final point on appeal, Clark similarly argues that the trial court erred by refusing to vacate its judgment, enter a judgment against the defendants on liability, and reopen the case to allow her to present evidence on proximate cause and damages. A trial court's decision not to vacate its judgment should not be reversed absent an abuse of discretion. *Corzine v. Stoff,* 505 S.W.2d 162, 164 (Mo.App.1973). For all of the reasons more fully discussed above, the trial court in this case did not abuse its discretion in refusing to vacate its judgment.

## CONCLUSION

The rear-end collision doctrine is limited in scope and a trial court may only instruct a jury under this theory when the case falls squarely within the doctrine's factual prerequisites. Because Custer produced evidence that negated any inference that he "permitted" the collision to occur, the rear-end collision doctrine was inapplicable.

The judgment is affirmed.

All concur.