# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3324

_____

Stanford T.E. McClure, Jr.,     *
                        *

       Appellant,     *

                        *    Appeal from the United States

   v.                     *    District Court for District of

                        *    Minnesota.

Career Systems Development     *

Corporation; Vinnell Corporation,     *

                        *

       Appellees.     *

_____

Submitted: March 14, 2006
Filed: May 24, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Stanford T.E. McClure, Jr., appeals the district court's summary judgment on his claims against two employers for race and sex discrimination, and retaliation. This court reverses as to the retaliation claim, and affirms as to the other claims.

McClure, an African American, began working in 1996 for Vinnell Corporation as a part-time Recreation Specialist at the Hubert H. Humphrey Job Corps Center. His job involved planning and supervising leisure activities for youth.

In February 2003, a Senior Recreation Specialist position became available ("the February position"). McClure decided not to apply. In April 2003, Vinnell hired Lisa Walkley, a white female.

In April 2003, a full-time Recreation Specialist position became available ("the April position"). McClure did not apply. Vinnell hired the only candidate: Dan McGuire, a white male.

In early 2004, Career Systems Development Corporation ("CSD") began managing the Center. An Admissions Counselor position became available. McClure applied. After interviews, CSD hired Terryann Nash, an African American female.

McClure sued in state court in October 2004. The case was removed to federal court the following month. McClure claimed race discrimination under 42 U.S.C. § 1981, and the Minnesota Human Rights Act, Minn. Stat. ch. 363A.[1]

I.

This court reviews de novo the grant of summary judgment, viewing the record most favorably to the nonmoving party. *See Pieper, Inc. v. Land O'Lakes Farmland Feed, LLC*, 390 F.3d 1062, 1065 (8th Cir. 2004). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.*; **Fed. R. Civ. P.** 56(c).

To establish a prima facie failure-to-promote claim, a plaintiff ordinarily must show "he or she applied for the promotion and was rejected." *Lockridge v. Bd. of Trs. of Univ. of Arkansas*, 315 F.3d 1005, 1010 (8th Cir. 2003) (en banc). McClure

---

[1]The district court ruled that the MHRA claims were time-barred, and McClure does not appeal that ruling.

admits he did not apply for the April position. McClure does not recall seeing the posting and did not look for it, implying—but never directly stating—that the position was not posted. The record indicates otherwise. Two employees confirmed that the posting was conspicuous. Vinnell also produced a copy of the position's external listing. McClure, who was familiar with Vinnell's posting procedures, therefore does not have a prima facie case based on Vinnell's decision to hire McGuire—the only applicant.[2]

Nor does McClure state a prima facie case with respect to the February position. McClure concedes he did not apply, but counters that the human resource manager told him a master's degree was required. True, a plaintiff who does not apply may establish a prima facie case if the employer's discriminatory practices make application futile. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 367-68 (1977) (Title VII). However, McClure makes no such showing. The posting—which three former Vinnell employees say was conspicuous—requires only an associate's degree. During his deposition, McClure stated that he saw the posting for a Recreation Specialist position and thought it was for the same job at issue in this case. He also admitted that other employees told him about the posting. McClure decided not to apply. No reasonable fact finder could conclude that McClure's failure to apply was caused by any misrepresentation about the degree requirement.

As for the Admissions Counselor position, CSD does not dispute that McClure states a prima facie case. Thus, CSD must articulate "a legitimate, nondiscriminatory reason for its employment decision." *See Kobrin v. Univ. of Minnesota*, 34 F.3d 698,

---

[2]McClure argues in passing that Vinnell violated Title VII by starting him at an hourly rate of $8.50, when McGuire started at $9.50. McClure was hired in October 1996, while McGuire was hired in January 2000—over three years later. McClure adduces no other facts, and fails to meet the burden of showing specific, tangible evidence that the two are "similarly situated" in the relevant respects. *See Rose-Maston v. NME Hosp., Inc.*, 133 F.3d 1104, 1109 n.4 (8th Cir. 1998).

702 (8th Cir. 1994). CSD explains it chose Nash because she has "a broad range of experience of social services which were specifically relevant to the Admissions Counselor position" and "many years of outreach experience in dealing with the type of population that the Admissions Counselor position deals with and in dealing with the kind of agencies and organizations that typically act as referral sources for participants in the Job Corps program." In addition, CSD scored Nash higher than McClure on the interview questions. CSD carried its burden of production.

McClure can succeed only by showing that CSD's proffered reasons are a pretext. McClure's only argument—that the interview scores were incorrectly calculated—does not withstand scrutiny. CSD divided the number of points awarded by the total points available. McClure received more points than Nash, but because he was asked more questions, his percentage score was lower. McClure asserts that he and Nash were asked the same number of questions, but the interview questionnaires confirm that McClure was asked more questions. In addition, McClure does not challenge that Nash worked with organizations that act as Job Corps referral sources. Because McClure did not rebut the legitimate, non-discriminatory reasons for the employment decision, CSD is entitled to summary judgment on the Admissions Counselor position.

## II.

During his February 22, 2005 deposition, McClure admitted never having a bachelor's degree, although the resumes he submitted said he did. By letter of March 7, CSD suspended McClure without pay. McClure states in his affidavit that CSD knew he did not have a bachelor's degree at the time it took over the Center.

CSD then discovered during Walkley's April 4 deposition that she, too, had falsely represented on resumes having a bachelor's degree. CSD did not suspend Walkley. Instead, on April 8, CSD notified her that it would overlook the incident if

she submitted a corrected resume by April 14, 2005. Also on April 8, CSD notified McClure that he would be reinstated—with back pay for time suspended—if he submitted a corrected resume. McClure did so, and was reinstated with back pay. McClure then amended his Complaint to add a section 1981 claim for retaliation.

To establish a prima facie case of retaliation under 42 U.S.C. § 1981, McClure must show that he "engaged in statutorily protected activity," that CSD "took adverse employment action against him," and that "there is a causal connection between the two events." *Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 760 (8th Cir. 2004).

Filing an employment discrimination complaint is a protected activity. *See, e.g.*, *Heymann v. Tetra Plastics Corp.*, 640 F.2d 115, 124 (8th Cir. 1981) (Title VII).

Suspending McClure without pay is an adverse employment action. In *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1060 (8th Cir. 1997), this court held that an employer took adverse employment action when it gave the employee lower performance evaluations, warned him about his poor attitude, characterized him as unmotivated, placed him under constant surveillance, excluded him from meetings, required him to undergo remedial retraining, and placed written reprimands in his file. This court held that these acts constituted an adverse employment action. *Id.* at 1053. Specifically, the court reasoned that the employer's actions "are the kind of serious employment consequences that adversely affected or undermined Kim's position, even if he was not discharged, demoted or *suspended*." *Id.* at 1060 (emphasis added). *Kim* recognizes that a suspension is an adverse employment action. *See also* *Singletary v. Missouri Dept. of Corrections*, 423 F.3d 886, 891 (8th Cir. 2005) (being placed on administrative leave is not an adverse employment action because plaintiff "maintained his pay, grade, and benefits."); *White v. Burlington Northern & Santa Fe R. Co.*, 364 F.3d 789, 802 (6th Cir. 2004) (employee suspended without pay suffers an adverse employment action even when reinstated with back pay);

*Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 224 (2d Cir. 2001) (suspension without pay for one week was an adverse employment action even though the employee was later reimbursed for lost wages).

The district court, however, found that McClure failed to show that his suspension was caused by his protected activity. The court focused on the fact that McClure was suspended five months after filing the complaint. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (citing cases holding that three- or four-month interval between protected activity and adverse employment action is, by itself, insufficient to establish causation); *see also Kipp v. Missouri Highway and Transp. Com'n.*, 280 F.3d 893, 897 (8th Cir. 2002) (two-month interval, by itself, is insufficient). CSD emphasizes that filing a complaint did not clothe McClure with immunity for misrepresentation. *See Shanklin v. Fitzegerald*, 397 F.3d 596, 604 (8th Cir. 2005).

The district court failed to consider two material facts. First, viewing the record favorably to McClure, CSD knew about McClure's educational situation all along, but did not suspend him until after he filed the complaint. Second, CSD did not suspend Walkley, who committed the same infraction as McClure. Instead, CSD overlooked her infraction.

CSD asserts that it did not suspend Walkley "because it did not learn about her misrepresentation until CSD had undertaken an investigation of McClure's misrepresentation and made the decision to reinstate McClure with full back-pay." But that assertion contradicts CSD's statement that it became aware of Walkley's misrepresentation "while it was investigating McClure's falsification." On this appeal of summary judgment, the second statement must be accepted as true, particularly in view of the chronology. CSD first learned of Walkley's misrepresentation on April 4, when she admitted during her deposition that she did not have a bachelor's degree when hired. On April 8, CSD sent the letter to Walkley requesting a corrected resume.

That same day, CSD sent the similarly-worded letter to McClure offering to reinstate him (with pay) if he submitted a corrected resume. A reasonable juror could disbelieve CSD's assertion that it had already decided to reinstate McClure when it discovered Walkley's misrepresentation.

McClure—who filed a complaint against CSD—was suspended a month without pay for the same infraction for which Walkley—who did not file a complaint—received no punishment. From the circumstantial evidence, a jury could infer that CSD's proffered reason, to penalize misrepresentation, is pretextual. *See Bainbridge*, 378 F.3d at 761. There is a material dispute whether McClure's suspension was caused by his protected activity, or by the infraction. *See Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1115, 1120, 1123 (8th Cir. 2006) (reversing district court's summary judgment on retaliation claim, in part because of evidence that employer treated plaintiff differently from other employees).

## III.

The district court's judgment is reversed as to the retaliation claim against CSD, and the case is remanded. In all other respects, the judgment is affirmed.

_____