# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2627

———————

Devonna Culpepper,              *
                                    *

            Appellant,        *
                                    *   Appeal from the United States
     v.                      *   District Court for the
                                    *   Eastern District of Arkansas.
Thomas J. Vilsack, Secretary,  *
Department of Agriculture,    *
                                    *

            Appellee.         *

———————

Submitted: September 19, 2011
Filed: December 28, 2011

———————

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.

———————

GRUENDER, Circuit Judge.

Devonna Culpepper, a hearing-impaired employee of the United States Department of Agriculture ("USDA"), brought this action against the secretary of that department for workplace discrimination and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* She appeals an adverse bench trial verdict. We affirm the judgment of the district court.[1]

———————

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

## I. BACKGROUND

Culpepper has suffered from a severe hearing impairment, which the parties agree qualifies her for protection from discrimination and retaliation under the Rehabilitation Act, since her early childhood. Culpepper began working for the USDA in 1979 and at the time of the filing of her suit was a loan technician in the Single Family Housing Section of USDA Rural Development's Little Rock, Arkansas office with a federal employee grade of GS-7. Over the course of her employment with the USDA, she has filed numerous complaints of workplace discrimination. On January 17, 2005, she sent a letter to the USDA's Office of Civil Rights alleging discrimination against her because of her impairment and retaliation for her previous complaints. She raised a number of issues including her non-selection for a purchasing agent job announced in November 2004 for which she had applied. On May 22, 2006, Culpepper sent another letter alleging discrimination and retaliation related to the announcement of a loan specialist position in April 2006 for which she had not applied, claiming that the inclusion in the announcement of language referring to "experience in listening" was discriminatory. The Office of Civil Rights never acknowledged these administrative complaints, even after Culpepper sent follow-up letters requesting final agency decisions, and later claimed first that it had not received the complaints and then that it had lost them.

After receiving no response to her first complaint letter, Culpepper filed suit in the United States District Court for the Eastern District of Arkansas on February 6, 2006, alleging discrimination on the basis of her disability and retaliation for her prior complaints. She later amended her complaint to include claims relating to her May 2006 complaint letter. The USDA filed a motion to dismiss or for summary judgment on the ground that Culpepper had not followed the pre-complaint processing procedure provided by 29 C.F.R. § 1614.105, resulting in a failure to exhaust her administrative remedies prior to filing suit. After the district court granted summary judgment, we reversed and remanded in *Culpepper v. Schafer*, 548 F.3d 1119 (8th Cir.

2008), holding that Culpepper's letters to the Office of Civil Rights, if they were timely, satisfied the requirements of administrative exhaustion, *id.* at 1124. The district court later found her letters to have been timely.

During a three-day bench trial, Culpepper alleged a large number of acts of discrimination or retaliation, including: (1) the 2004 failure to promote her to the purchasing agent position for which she applied; (2) the "experience in listening" language in the 2006 loan specialist vacancy announcement; (3) an inflation of the required employee grade level to be eligible to apply for positions to which she could otherwise have applied, allegedly in order to prevent her from applying to these positions; (4) the failure to promote her through the non-competitive "accretion of duties" process; (5) the use of an intercom system that she could not hear to make announcements to employees; (6) a failure to notify her of various computer issues via her telecommunications device for the deaf ("TDD"), instead relying only on email; (7) a failure to recognize Disability Awareness Month; (8) her omission from two employee telephone extension lists distributed in March 2004; (9) a supervisor's failure to include her on the initial copy of an email about a telephone conversion process; (10) the failure to provide her with an interpreter at a meeting in July 2009 called to discuss her request for sick leave; (11) a supervisor's demand that she take notes during a meeting in July 2009; (12) the failure to provide open or closed captioning for a number of informational and training "webinars" in March 2009; and (13) a delay in the issuance of her annual performance plan, due in October 2009 but not issued until April 2010. Culpepper also argued that the various actions taken against her cumulatively gave rise to a valid claim of discrimination. As further proof of discriminatory or retaliatory intent, Culpepper presented evidence that one of her supervisors had maintained a secret "drop file" on her and argued that the maintenance of such a file showed bias and retaliatory intent on the part of that supervisor.

In a lengthy and detailed opinion, the district court held that Culpepper's tenth, eleventh, twelfth, and thirteenth allegations ("the 2009 claims") had not been properly

pled and thus could not provide a basis for relief, and that, for a variety of reasons, neither any of the allegations considered individually nor the cumulative effect of all of the allegations entitled Culpepper to relief. With respect to the drop file, the district court found that Culpepper had failed to establish that she was adversely affected by it. Culpepper timely appeals.

## II.    DISCUSSION

On appeal of a judgment rendered after a bench trial, "[w]e review the district court's factual findings, including the ultimate determination of whether discrimination occurred, for clear error, and its legal conclusions *de novo*." *Betz v. Chertoff*, 578 F.3d 929, 933 (8th Cir. 2009), *cert. denied*, 559 U.S. ---, 130 S. Ct. 1911 (2010). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985).

Culpepper makes four arguments on appeal. First, with respect to the April 2006 loan specialist job announcement, Culpepper contends that the district court erred in finding that her failure to apply for the job was not excused by futility and erred in finding that the language referring to "listening" in the announcement was not discriminatory. Second, Culpepper argues that the district court erred in finding that the failure to promote her through the accretion-of-duties process was not discriminatory and in finding that, similarly, the classification of positions at grade levels in excess of those for which Culpepper was eligible to apply was not discriminatory. Third, Culpepper challenges the district court's holding that the 2009 claims were not properly raised and its alternative finding that those allegations were not meritorious. Finally, Culpepper reasserts her "totality of the circumstances" argument, arguing that the district court clearly erred in finding that, even considering her allegations cumulatively, she had not "suffered an adverse action capable of supporting her claims for discrimination or retaliation."

## A. Futility

To plead a *prima facie* case of employment discrimination for an employer's failure to promote an employee, typically that employee must show that "she applied for the promotion and was rejected." *Lockridge v. Bd. of Trs., of the Univ. of Ark.*, 315 F.3d 1005, 1010 (8th Cir. 2003) (en banc). However, in cases where the very discrimination alleged would have made it futile for the plaintiff to apply for the position in question, the plaintiff's failure to apply may be excused if she can show that in the absence of such discrimination she would have applied. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 367-68 (1977); *McClure v. Career Sys. Dev. Corp.*, 447 F.3d 1133, 1136 (8th Cir. 2006).

Culpepper argues that her failure to apply for the loan specialist position advertised in the April 2006 job announcement should have been excused because of both the history of discrimination against her and the inclusion of explanatory language in the job announcement referring to "successful activity/experience in listening." Regardless of the merits of her argument and of the precise meaning, contested by the parties, of the term "listening," Culpepper cannot invoke the futility exception because the discrimination she alleges was not the cause of her failure to apply. *See Teamsters*, 431 U.S. at 368.

In its Findings of Fact and Conclusions of Law, the district court found credible the testimony of Alta Mullinax, one of Culpepper's co-workers, that Culpepper told her that she did not apply for the loan specialist position because of the recent death of her father. Culpepper denied this at trial and continues to argue that Mullinax's testimony was not credible, but we review this factual finding for clear error only, and a district court's ruling as to the credibility of competing witnesses "can virtually never be clear error." *Anderson*, 470 U.S. at 575. We see no clear error in the district court's finding of fact that the death of Culpepper's father caused her failure to apply

for the loan specialist position, and we affirm the district court's determination that Culpepper's failure to apply for the position was not excused for futility. We therefore do not need to address whether the language in the job announcement referring to "listening" was discriminatory.

## B. Denial of Promotion

Culpepper claims that, after the "listening" language at issue in the loan specialist job announcement was removed from successive job announcements, the USDA continued to discriminate or retaliate against her in its promotion processes, specifically by not promoting her through the accretion-of-duties process and by classifying jobs to which Culpepper could have otherwise applied at grade levels in excess of those to which she was eligible to apply.

### 1. Accretion of Duties

The accretion-of-duties process to which Culpepper refers is a non-competitive promotion process by which employees performing work above their GS grade level can seek to have their grade level reclassified to a level commensurate with the work they actually are performing. In order to establish a *prima facie* case of discrimination over failure to receive a non-competitive promotion, a plaintiff has to demonstrate that (1) she was a member of a protected class, (2) she applied for and was generally qualified for the promotion, (3) she did not receive the promotion, and (4) similarly situated employees who were not members of the protected class did receive non-competitive promotions. *See Harris v. Sec'y, U.S. Dep't of the Army*, 119 F.3d 1313, 1320 (8th Cir. 1997).

Culpepper does not deny that she did not apply for an accretion-of-duties promotion, a requirement for recovery under *Harris*. *Id.* She argues instead that in her office the accretion-of-duties promotion process could be initiated by either an

employee or a supervisor requesting a desk audit and that her supervisors never requested a desk audit for her while they had requested desk audits for her similarly situated, non-disabled co-workers. This contention, though, would not entitle her to relief even if true. "[A]n employee who does not formally apply must make 'every reasonable attempt to convey his [or her] interest in the job to the employer' before he or she may prevail on a discrimination claim." *Lockridge*, 315 F.3d at 1011 (quoting *Chambers v. Wynne Sch. Dist.*, 909 F.2d 1214, 1217 (8th Cir. 1990)) (internal quotation marks omitted). Culpepper admits that, in addition to not requesting a desk audit herself, she did not ask her supervisors to request a desk audit on her behalf. She also admits that she never complained to her supervisors that she was performing duties above her grade level without a commensurate increase in her grade level. As Culpepper did not make "every reasonable attempt to convey [her] interest" in an accretion-of-duties promotion, *Id.* (quoting *Chambers*, 909 F.2d at 1217), her claim fails.

## 2. Job Classifications

Culpepper next argues that positions for which she otherwise could have applied were reclassified to higher grade levels with the discriminatory or retaliatory intent of preventing her from applying for them. At trial, officials from the USDA testified that the higher grade levels were set because of a need to fill the positions in question with experienced personnel who would not require additional training. The district court found that Culpepper had "offered no evidence whatever that the GS level in any of the announcements was inappropriate under the circumstances." We review the district court's finding of no discriminatory intent in the classifications for clear error. *Betz*, 578 F.3d at 933. Culpepper's primary argument on appeal is that the USDA should have provided her with more training so that she would qualify for these positions. This argument, though, does not bear on the issue of whether the reclassifications themselves were made with discriminatory or retaliatory intent and

thus does not provide us with a proper basis for discerning clear error in the district court's finding. We find no clear error.

### C. 2009 Claims

At trial, Culpepper introduced evidence relating to four alleged incidents of discrimination or retaliation that occurred in 2009. These incidents were not included in her complaint or amended complaint, and at no point did she seek leave to amend her complaint further so as to plead them. The district court found that they "were not sufficiently pleaded, were not tried by consent, and cannot provide a basis for relief." On appeal, Culpepper argues that "the trial court had jurisdiction to hear her claims regarding [the 2009 incidents], because such claims were like or reasonably related to her previous complaints." She also argues that the claims were triable by implied consent pursuant to Federal Rule of Civil Procedure 15(b)(2). Neither of these arguments is meritorious.

The "reasonably related" standard asserted by Culpepper relates to the permissibility of including claims in a complaint that were not raised in an initial administrative charge, not to the permissibility of pressing claims not included in a plaintiff's complaint. We have previously held that allegations not raised in an administrative charge that are "reasonably related" to allegations that were raised can be included in a complaint when they do not constitute "a separate theory of discrimination, and they did not involve a distinct discriminatory action that was different in nature or distanced in time from the other claims." *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 887 (8th Cir. 1998). However, where, as here, the claims at issue do not appear in the plaintiff's pleadings, they are not properly before the court regardless of whether they were reasonably related to prior allegations found in an administrative charge. *See Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 827 (8th Cir. 2009).

With respect to Culpepper's implied consent argument, in this case the USDA repeatedly objected to the inclusion of the 2009 claims at various stages both before and after trial. Therefore, these claims could not have been validly tried by implied consent pursuant to Federal Rule of Civil Procedure 15(b)(2). *See Fanning v. Potter*, 614 F.3d 845, 851 (8th Cir. 2010). We therefore hold that the district court was correct in refusing to consider the 2009 incidents. We need not address the district court's alternative determination that the claims would not entitle Culpepper to relief.

## D.  Cumulative Effect of Alleged Discrimination

Finally, Culpepper contends that the "totality of the circumstances present in this case" entitle her to relief. In making this argument, she relies on her failure to gain promotions and a number of instances of alleged workplace discrimination and asserts that all of these, taken in aggregate, constitute discrimination or retaliation. In determining whether employment actions are sufficiently adverse to state a claim, courts can consider the cumulative effect of all of the employer's allegedly discriminatory or retaliatory actions. *See Phillips v. Collings*, 256 F.3d 843, 849 (8th Cir. 2001). The district court found this argument unavailing, and as an ultimate determination of discrimination or retaliation we review for clear error only. *See Ledbetter v. Alltel Corporate Servs., Inc.*, 437 F.3d 717, 722 (8th Cir. 2006).

Of the incidents that form the basis of Culpepper's cumulative effect argument, a number were among those from 2009 that were not properly before the court. Her failure-to-promote claims are effectively disposed of above, and the district court found, with ample support in the record before it, that Culpepper had suffered no actual harm or disadvantage from the remaining incidents. The district court's determination that Culpepper's allegations considered cumulatively did not amount to discrimination or retaliation was a permissible view of the evidence and was therefore not clearly erroneous. *Anderson*, 470 U.S. at 574.

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____