# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2159

_____

Manny Lopez

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

Shea Pyron

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 17, 2015
Filed: June 26, 2015

_____

Before MURPHY, COLLOTON, and KELLY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Manny Lopez brought this negligence claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, arising from a traffic accident between a vehicle

in which he was a passenger and a United States Postal Service tractor trailer driven by Robert Cleveland. The only live witnesses at a trial to the district court[1] were Lopez and St. Louis police officer Janet McKern who had responded to the accident; Cleveland had meanwhile died from unrelated causes. After trial the court rejected the claim by Lopez that Cleveland's negligence caused the accident, and judgment was entered for the United States. Lopez moved for a new trial, the motion was denied, and he now appeals. We affirm.

I.

At approximately 9:45 PM on August 13, 2009 Lopez was traveling north on Tucker Boulevard in St. Louis, Missouri in a Volkswagen Beetle driven by Shea Pyron. The lane in which they were driving ended at the intersection of Tucker Boulevard and Washington Avenue, and Pyron merged into the lane where Cleveland's postal truck was traveling. The two vehicles collided just before the traffic light.

At that time Tucker Boulevard had four northbound lanes approaching the intersection, and it was undergoing construction immediately north of Washington. The leftmost lane was for left turns onto Washington, the next lane continued straight across Washington, but the lane to its right (the "run out lane") ended at the intersection because of the construction. At the far right was a right turn only lane. The run out lane south of Washington was marked with diagonal paint stripes indicating where it was closed to traffic, and barriers blocked that lane north of the intersection.

---

[1] The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

At trial Lopez testified that he and Pyron had been driving north on Tucker on their way to a restaurant; he was giving directions because she had not been there before. Pyron testified in her deposition that she had not often driven on Tucker and that she had been talking with Lopez as they approached the intersection. She claimed that she had merged safely from the run out lane into the through lane about a block prior to the intersection, and Lopez testified that Pyron had changed lanes even earlier. At the scene of the accident, Cleveland told Officer McKern that Pyron had been driving in the run out lane as she approached the intersection and had "jumped" into the through lane just before the light.

The parties agree that the postal tractor trailer hit the rear of Pyron's car at the intersection just after she stopped for a red light. Cleveland told Officer McKern at the scene that he had been unable to stop to avoid a collision because Pyron had suddenly merged into the through lane right in front of him. Pyron admitted in her testimony that she had not looked in her rearview mirror before applying her brakes.

The collision pushed Pyron's car a short distance into the intersection, but its air bags did not deploy, and she pulled over to the right after the collision and later drove her car home. Photographs taken at the scene show only minor damage to her car. Officer McKern testified that based on her investigation she believed Cleveland's account of the collision and that in her experience similar accidents occurred frequently at the intersection of Tucker and Washington. Her written accident report was also admitted into evidence.

## II.

At the close of trial Lopez argued that under Missouri law there is a presumption of negligence on the part of the driver of a vehicle colliding into the rear of another and that no evidence had been presented to rebut this presumption. The district court rejected the argument, finding that Lopez was not credible, that Pyron's

own testimony showed she was at fault, and that Officer McKern was believable. Although Lopez had claimed that Pyron's vehicle was "destroyed" by the collision, photographs from the scene showed that her car had sustained only minor cosmetic damage. The court found that Lopez had testified inaccurately about the time of the accident and provided inconsistent statements about his claimed injuries. His testimony that Pyron had merged to avoid the run out lane several blocks before it even became visible was found not credible. The court also did not believe Pyron's testimony that she had left enough space for the postal tractor trailer to stop after she merged. It took note of her admissions that she had been driving in an unfamiliar area, had failed to check her rearview mirror before changing lanes, and had been talking to Lopez as she approached the intersection. Pyron testified that she merged when she saw that her lane was ending, and the district court found that that would not have been visible until shortly before the intersection and concluded that Pyron had suddenly merged in front of Cleveland.

The district court relied on Officer McKern's testimony and her written accident report, both of which indicated that Pyron was at fault and stated that drivers regularly find themselves short of time in the run out lane at that intersection and then swerve suddenly back into the through lane. Lopez's objection that McKern was not qualified as an accident reconstructionist was overruled because it was untimely and because such a simple accident did not require the special skills of a reconstructionist. Concluding that Lopez had failed to establish any negligence by Cleveland, the court entered judgment for the United States. Subsequently it denied a motion by Lopez for a new trial, and he now appeals.

III.

We review a district court's denial of a motion for new trial after a court trial for an abuse of discretion. Chapa v. United States, 497 F.3d 883, 887 (8th Cir. 2007). An "abuse of discretion will only be found if the district court's judgment was based

on clearly erroneous factual findings or erroneous legal conclusions." Id. Applying "this standard, we will overturn a factual finding only if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if we are left with the definite and firm conviction that an error was made." Richardson v. Sugg, 448 F.3d 1046, 1052 (8th Cir. 2006). A "factual finding supported by substantial evidence, as well as a district court's choice between two permissible views of the evidence, are not clearly erroneous." Id. A "district court's ruling as to the credibility of competing witnesses can virtually never be clear error." Culpepper v. Vilsack, 664 F.3d 252, 257 (8th Cir. 2011).

The Federal Tort Claims Act "waives federal sovereign immunity and grants federal district courts jurisdiction over a certain category of claims against the United States." Eubank v. Kansas City Power & Light Co., 626 F.3d 424, 427 (8th Cir. 2010). The Postal Reorganization Act provides that "the FTCA shall apply to tort claims arising out of activities of the Postal Service." Dolan v. U.S. Postal Serv., 546 U.S. 481, 484 (2006) (quoting 39 U.S.C. § 409). The United States can be held liable under the FTCA "to the extent that a private person, under like circumstances, would be liable to the plaintiff under the substantive law of the state where the alleged wrongful conduct took place," in this case Missouri. Green Acres Enterprises, Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005).

To prove a claim of negligence under Missouri law, "a plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff." Lesch v. United States, 612 F.3d 975, 981 (8th Cir. 2010) (citing Lopez v. Three Rivers Elec. Co-op., 26 S.W.3d 151, 155 (Mo. 2000) (en banc)). Missouri law provides that a "driver has a duty to operate his vehicle at a safe rate of speed under the conditions, keep a careful lookout, yield the right of way, remain on the proper side of the road, not make turns unless making sure they are safe, and take evasive action when possible to avoid a collision." Id. (collecting Missouri statutes).

Lopez argues that Missouri's "rear end collision doctrine" establishes a presumption of negligence on the part of the postal driver entitling him to relief despite the court's having not believed his own testimony. See Clark v. Belfonte Distrib., Inc., 163 S.W.3d 581, 583 (Mo. Ct. App. 2005). The Missouri rear end collision doctrine states that "if one has his vehicle in a portion of the highway where he should have it in view of his course, and another traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead," then "proof of the collision . . . makes out a prima facie case of specific negligence against the driver operating the overtaking vehicle." Id. The rear end collision doctrine does not win the day for Lopez, however, for the presumption "created in favor of the plaintiff does not automatically entitle [him] to prevail as a matter of law." Id. at 584. The "doctrine is not applicable when a vehicle has turned in front of an oncoming vehicle so as to pose an immediate hazard." Kaufmann by Kaufmann v. Nagle, 807 S.W.2d 91, 94 (Mo. 1991) (en banc). A defendant may avoid liability by presenting "evidence of defense or excuse." Clark, 163 S.W.3d at 584. The "time and distance available to the overtaking driver are necessary factors in determining whether the fact of collision gives rise to an inference of negligence." Kaufmann, 807 S.W.2d at 95.

Here, the district court relied on several factual findings to conclude that Pyron had abruptly merged into the through lane and then stopped in front of the postal vehicle, depriving Cleveland of the "time and distance" he required to stop safely. Kaufmann, 807 S.W.2d at 95. Based on Pyron's testimony, the trial court found that she had changed lanes at the time she saw the run out lane was ending—a fact which would only become apparent to a driver shortly before the intersection. Furthermore, Pyron had admitted that she had been driving in an unfamiliar area, talking to Lopez as she approached the intersection, and failed to check her rearview mirror before changing lanes.

These findings are "substantial evidence in the record" supporting the district court's conclusion that Pyron had abruptly merged and then stopped in front of the

postal vehicle because she was distracted. See Richardson, 448 F.3d at 1052. The court did not clearly err in finding that Pyron denied Cleveland the "time and distance" that he required to avoid the collision, and thus Lopez cannot rely on the rear end collision doctrine to prove that Cleveland breached his duty under Missouri law. See Kaufmann, 807 S.W.2d at 95. Furthermore, the district court appropriately found that Lopez's account of the accident and Pyron's statement that she had merged safely both lacked credibility, and a "district court's ruling as to the credibility of competing witnesses can virtually never be clear error." See Culpepper, 664 F.3d at 257. Since Lopez failed to establish negligence on the part of Cleveland, we conclude that the district court did not abuse its discretion in denying his motion for a new trial. See Chapa, 497 F.3d at 887.[2]

Lopez also argues that the district court abused its discretion by allowing Officer McKern to offer her opinion on which party caused the accident and erred by admitting her statement that accidents caused by vehicles merging suddenly from the run out lane into the through lane were common at the intersection of Tucker and Washington. We "review the district court's admission of expert testimony for an abuse of discretion." Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc., 125 F.3d 1176, 1182 (8th Cir. 1997).

Even assuming Officer McKern's testimony and written accident report had been inadmissible, judges in a trial to the court "routinely hear inadmissible evidence that they are presumed to ignore when making decisions." Greater Kansas City Laborers Pension Fund v. Superior Gen. Contractors, Inc., 104 F.3d 1050, 1057 (8th Cir. 1997) (quoting Harris v. Rivera, 454 U.S. 339, 346 (1981)). In trials to the court "the admission of incompetent or irrelevant evidence is not a ground for reversal

---

[2] Lopez also argues without authority that since the district court granted summary judgment to Pyron on his negligence claim against her, the court is bound by some "law of the case" on the issue of negligence here, but that argument is waived. See United States v. Kalb, 750 F.3d 1001, 1005 (8th Cir. 2014).

when there is sufficient competent evidence to support the judgment and it does not appear that the court was induced by . . . that evidence to make essential findings that it otherwise would not have made." Id. (citation omitted). Here, Pyron's testimony, coupled with an assessment of her credibility, provided substantial evidence supporting the district court's finding that she had abruptly merged and stopped in front of the postal vehicle without giving Cleveland the "time and distance" to avoid a collision. See Kaufmann, 807 S.W.2d at 95. We conclude that "there is sufficient competent evidence to support the judgment" independent of Officer McKern's testimony. See Greater Kansas City Laborers Pension Fund, 104 F.3d at 1057.

Based on the trial record and the district court's findings and conclusions, we affirm the judgment.

_____